**Bruce PETTY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 12–89–00303–CR.**

Court of Appeals of Texas, Tyler.

Oct. 31, 1990.

A.D. Henderson, Palestine, for appellant.

Richard Handorf, Palestine, for appellee.

PER CURIAM.

On November 14, 1989, appellant was tried before the Court on a plea of not guilty. At the close of appellant's case, appellant moved for an acquittal because the indictment failed to allege an offense against the laws of the State of Texas. On November 15, 1989, upon the State's motion, the Court signed an order dismissing the indictment pursuant to TEX.CODE CRIM. PROC. art. 36.11.

Defendant now seeks to appeal the order of dismissal. His sole point of error alleges that the trial court erred in dismissing the indictment for failure to state the offense of "aggravated sexual assault of a child" because the indictment allegedly did sufficiently set forth the lesser included offense of "indecency with a child."

█ The State, in its brief, argues that this Court has no jurisdiction to consider appellant's appeal since the dismissal of the indictment is not an appealable order. We agree and therefore dismiss the appeal.

TEXAS CODE OF CRIMINAL PROCEDURE art. 44.02 (Vernon 1990) provides that: "A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed." [1] Texas Rule of Appellate Procedure 41(b) (Vernon 1990) provides that: "Appeal is perfected when notice of appeal is filed within thirty days after the day sentence is imposed or suspended in open court *or the day an appealable order* is signed by the trial judge;...."

█ Generally, this Court only has jurisdiction to consider an appeal where there has been a judgment of conviction, and an appeal does not lie from the granting or refusing of an interlocutory or preliminary order. *Workman v. State*, 343 S.W.2d 446 (Tex.Cr.App.1961). A narrow exception to this rule exists for an appeal from the denial of a pretrial application for writ of habeas corpus alleging double jeopardy; [2] however, appellant's appeal does not arise from a habeas corpus proceeding nor has he raised double jeopardy as an issue on appeal. Furthermore, the record does not show that appellant has even been re-indicted.

Although there is no definitive Texas common or statutory law on the issue of a defendant's right to appeal the dismissal of an indictment, federal law is well established. Numerous federal cases have held that the dismissal of an indictment is not an appealable order, and that the review of the dismissal order must await the outcome of a trial. *United States v. Day*, 806 F.2d 1240, 1242 (5th Cir.1986), citing *United States v. Martin*, 682 F.2d 506, 507 (5th Cir.1982), *cert. denied*, 459 U.S. 1088, 103 S.Ct. 573, 74 L.Ed.2d 934 (1982); *United States v. Arzate*, 545 F.2d 481 (5th Cir. 1977). In *Martin*, the Fifth Circuit in a *per curiam* opinion stated that:

In the context of a criminal prosecution, finality normally comes with the imposition of sentence. (*citations omitted*) The matter which the dismissed indictment sought to put in controversy here was the defendants' guilt of the crime of mail fraud. See *Parr v. United States*, 225 F.2d [329] 332 [ (5th Cir. 1955) ]. Dismissal of the indictment prevented that issue from being reached.

---

1. The proviso of the first sentence in art. 44.02 was repealed by order of the Texas Court of Criminal Appeals dated December 18, 1984, effective September 1, 1986, adopting the Texas Rules of Appellate Procedure, pursuant to Acts 1985, 59th Leg., ch. 685, § 4, and is therefore not quoted above.

2. *See Ex parte Robinson*, 641 S.W.2d 552 (Tex. Cr.App.1982), allowing an appeal from the denial of an application for writ of habeas corpus because the Fifth Amendment's double jeopardy protection was designed to guarantee "an individual that among other things, he [would] not be forced, with certain exceptions, to endure the personal strain, public embarrassment, and expense of a criminal trial more than once for the same offense."

Since it was not reached or decided there is nothing from which to appeal. Whether the dismissal leaves the defendants open to further prosecution or whether the dismissal ought to bar prosecution altogether has no effect on appealability. *Parr v. United States*, 351 U.S. [513] 517, 76 S.Ct. [912] 915 [100 L.Ed. 1377 (1956)]. Any testing of the dismissal order must abide the outcome of a trial on the issue of guilt. Then, if convicted, the defendants may be aggrieved (*citations omitted*).... While the denial of a motion to dismiss may leave a defendant aggrieved, a dismissal [of an indictment] does not.

We find this analysis persuasive. We conclude that an order dismissing an indictment is not an order from which appellant can appeal. Therefore, the appeal is dismissed for want of jurisdiction.