In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-05-00189-CR
______________________________


TOMMY RAY YOUNG, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 402nd Judicial District Court
Wood County, Texas
Trial Court No. 18,583-2004


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          Tommy Ray Young has filed a notice of appeal from an order dismissing the
prosecution against him. Generally, appellate courts may consider an appeal by a criminal
defendant only after conviction. See Workman v. State, 170 Tex. Crim. 621, 622, 343
S.W.2d 446, 447 (1961). There are narrow exceptions to the rule requiring conviction
before a criminal defendant may appeal. Wright v. State, 969 S.W.2d 588, 589 (Tex.
App.—Dallas 1998, no pet.); McKown v. State, 915 S.W.2d 160, 161 (Tex. App.—Fort
Worth 1996, no pet.). 
          Because Young has not been convicted and his case does not fall into any of the
exceptions allowing a criminal defendant to appeal without having been convicted, we
conclude we do not have jurisdiction over this appeal. See Wright, 969 S.W.2d at 589–90
(defendant may not appeal pretrial order revoking bond); Shumake v. State, 953 S.W.2d
842, 846–47 (Tex. App.—Austin 1997, no pet.) (defendant may not appeal pretrial order
raising bond); McKown, 915 S.W.2d at 161 (defendant may not appeal trial court's denial
of motion to suppress); Petty v. State, 800 S.W.2d 582, 583 (Tex. App.—Tyler 1990, no
pet.) (defendant may not appeal trial court's order of dismissal—not aggrieved by order).
          We dismiss the appeal for want of jurisdiction.



                                                                Donald R. Ross
                                                                Justice
 
Date Submitted:      January 4, 2006
Date Decided:         January 5, 2006

Do Not Publish



onally appeared at the revocation proceeding. Because the supplemented record contains a
capias warrant, it is not necessary for us to address this alternative argument.