NO. 07-06-0125-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL A

APRIL 24, 2006

_____


GUADALUPE VALDEZ, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE 251ST DISTRICT COURT OF POTTER COUNTY;

NO. 50,196-C; HONORABLE PATRICK A. PIRTLE, JUDGE

_____

Before REAVIS and CAMPBELL and HANCOCK, JJ.


**MEMORANDUM OPINION**


On March 6, 2006, appellant Guadalupe Valdez filed notices of appeal in trial court cause numbers 50,139-C and 50,196-C. The clerk's record has been filed in 50,139-C, and a motion for extension of time has been filed in 50,196-C indicating appellant has not paid nor made arrangements to pay for the record. The State filed and the trial court

granted a motion to dismiss the charge against appellant in cause number 50,196-C. We dismiss for want of jurisdiction.

Generally, this Court has jurisdiction to consider an appeal where there has been a judgment of conviction. *See* Petty v. State, 800 S.W.2d 582, 583 (Tex.App.–Tyler 1990, no pet.). An order dismissing an indictment is not an order from which an appeal can be perfected. *See generally id*. at 583-84 (applying federal law holding that dismissal of an indictment is not an appealable order and review of a dismissal order must await the outcome of a trial).

Accordingly, the clerk's motion for extension of time is rendered moot and this purported appeal is dismissed for want of jurisdiction.[1]

Don H. Reavis
Justice

Do not publish.

---

[1]Our disposition in this cause does not affect appellant's appeal in trial court cause number 50,139-C, our cause number 07-06-0124-CR.