Dismissed and Memorandum Opinion filed November 15, 2007








Dismissed
and Memorandum Opinion filed November 15, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00467-CR

 

____________

 

CLARENCE MCFARLIN, JR.,
Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the
County Court at Law No. 4

Fort Bend County, Texas

Trial Court Cause No.
99720A

 



 

M E M O R A N D U M   O P I N I O N

This is
an attempted appeal of an order signed April 4, 2007, granting the State=s motion to dismiss the criminal
action against appellant with leave for the State to refile.  








Generally,
an appellate court only has jurisdiction to consider an appeal by a criminal
defendant where there has been a final judgment of conviction.  Workman v.
State, 170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961);  McKown v. State,
915 S.W.2d 160, 161  (Tex. App.CFort Worth 1996, no pet.).  There are exceptions to this rule. 
For example, the State may appeal an order dismissing an indictment.  Tex. Code Crim. Proc. Ann. art.
44.01(a)(1) (Vernon 2006).  However, this right of appeal from the dismissal of
an indictment has not been extended to the defendant, either by statute or by
case law.  See, e.g., Petty v. State, 800 S.W.2d 582, 584 (Tex. App.BTyler 1990, no
pet.).

While appellant acknowledges this law, appellant attempts
to distinguish the facts of this case and claims this case is more comparable
to the facts in cases allowing appeal from the denial of a pretrial application
for writ of habeas corpus alleging double jeopardy.  Appellant argues that
under the facts of his case, due process and due course of law should allow him
the opportunity to obtain a dismissal with prejudice so that he is not again
subjected to prosecution Arife with police and prosecutorial
misconduct . . . .@  In support of this argument, appellant
cites to Ex parte Masonheimer, 220 S.W.3d 494 (Tex. Crim. App. 2007), in
which the court held that a third prosecution was barred by double jeopardy
after the first two trials had been terminated by mistrials due to
prosecutorial misconduct. 

We are unpersuaded by appellant=s argument.  The
order appealed in Masonheimer was the denial of a pretrial application
for writ of habeas corpus alleging double jeopardy, which the courts have long
held to be an appealable order.  Abney v. U.S., 431 U.S. 651, 662
(1977); Ex parte Robinson, 641 S.W.2d 552, 555 (Tex. Crim. App. 1982). 
The order appealed in this case is not a denial of an application for habeas
relief based on double jeopardy.

Because
this appeal does not fall within the exceptions to the general rule that appeal
may be taken only from a final judgment of conviction, we have no jurisdiction.


Accordingly,
the appeal is ordered dismissed.

PER
CURIAM

Judgment rendered and Memorandum Opinion filed
November 15, 2007.

Panel consists of Justices Yates, Fowler, and Guzman.

Do Not Publish C
Tex. R. App. P. 47.2(b).