In The
Court of Appeals
For The
First District of Texas
____________

NO. 01-08-00947-CR
NO. 01-08-00948-CR
____________

ROBERT ERIC BALLARD, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 263rd District Court 
Harris County, Texas
Trial Court Cause No. 1134332 & 1184428



 
MEMORANDUM OPINION
          We lack jurisdiction to hear these appeals. Appellant, Robert Eric Ballard, was
charged with burglary of a building in trial court cause number 1134332 (appellate
cause number 01-08-00947-CR). A year later, the charge was reindicted under trial
court cause number 1184428 (appellate cause number 01-08-00948-CR) and two
repeat-felony-offender enhancement paragraphs were added. The State moved for
the trial court to transfer the motions filed in trial court cause number 1134332 to the
newly indicted cause number 1184428, which was granted. The State moved to
dismiss cause number 1134332 because of the subsequent indictment in cause number
1184428. The trial court granted the State’s motion to dismiss and entered a
judgment of dismissal in cause number 1134332.

          In cause number 1184428, appellant pleaded guilty to the offense of burglary
of a building and pled true to the two repeat-felony-offender enhancement
paragraphs. In accordance with his plea bargain agreement with the State, the trial
court sentenced appellant to confinement for six years. Along with the plea,
appellant, appellant’s counsel, and the State signed a stipulation of evidence which
included, among others, the following statements: “I intend to enter a plea of guilty
and the prosecutor will recommend that my punishment should be set at 6 years TDC
and I agree to that recommendation. . . . Further, I waive my right of appeal which I
may have should the court accept the foregoing plea bargain agreement between
myself and the prosecutor.” The trial court’s judgment is stamped, “Appeal waived. 
No permission to appeal granted.” 

          After the trial court sentenced appellant to punishment that fell within the terms
of the plea bargain agreement in cause number 1184428, the trial court certified that
that case is a plea-bargain case and the defendant has no right of appeal. 

          Appellant filed a timely pro se notice of appeal for both cause numbers.

          As to cause number 1134332 (No. 01-08-00947-CR), we have no jurisdiction
over this cause because the cause is finally disposed of by a judgment of dismissal
and there is no judgment of conviction against appellant. See Workman v. State, 343
S.W.2d 446, 447 (Tex. Crim. App. 1961) (dismissing defendant’s appeal of judgment
discharging defendant from charge because it was not judgment of conviction); Petty
v. State, 800 S.W.2d 582, 584 (Tex. App.—Tyler 1990, no pet.) (holding that order
dismissing indictment is not order which defendant can appeal). We must therefore
dismiss this appeal. 

          As to cause number 1184428 (No. 01-08-00948-CR), we conclude that the
certification of the right of appeal filed by the trial court is supported by the record
and that appellant has no right of appeal due to the agreed plea bargain. Tex. R. App.
P. 25.2(a). Because appellant has no right of appeal, we must dismiss this appeal
“without further action.” Chavez v. State, 183 S.W.3d 675, 680 (Tex. Crim. App.
2006).Accordingly, both of these appeals are dismissed for lack of jurisdiction. 
          Any pending motions are denied as moot.
PER CURIAM
Panel consists of Justices Jennings, Higley, and Sharp.
Do not publish. Tex. R. App. P. 47.2(b).