In The


Court of Appeals


Sixth Appellate District of Texas at Texarkana



______________________________



No. 06-09-00174-CR


______________________________




JOSHUA LEE BRADSHAW, Appellant



V.



THE STATE OF TEXAS, Appellee




 


On Appeal from the County Court at Law


Cass County, Texas


Trial Court No. CCL-M-09-0330




 




Before Morriss, C.J., Carter and Moseley, JJ.


Memorandum Opinion by Justice Carter



MEMORANDUM OPINION



 Joshua Lee Bradshaw, appellant, has filed with this Court a motion to dismiss his appeal. 
The motion is signed by Bradshaw and by his counsel in compliance with Tex. R. App. P. 42.2(a). 
As authorized by Rule 42.2, we grant the motion. See Tex. R. App. P. 42.2.

 Accordingly, we dismiss the appeal.


 Jack Carter

 Justice


Date Submitted: October 26, 2009 

Date Decided: October 27, 2009


Do Not Publish




text-align: center">MEMORANDUM OPINION

            Tommy Ray Young has filed a notice of appeal from an order dismissing the prosecution
against him. Generally, appellate courts may consider an appeal by a criminal defendant only after
conviction. See Workman v. State, 170 Tex. Crim. 621, 622, 343 S.W.2d 446, 447 (1961). There
are narrow exceptions to the rule requiring conviction before a criminal defendant may appeal. 
Wright v. State, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.); McKown v. State, 915
S.W.2d 160, 161 (Tex. App.—Fort Worth 1996, no pet.). 
            Because Young has not been convicted and his case does not fall into any of the exceptions
allowing a criminal defendant to appeal without having been convicted, we conclude we do not have
jurisdiction over this appeal. See Wright, 969 S.W.2d at 589–90 (defendant may not appeal pretrial
order revoking bond); Shumake v. State, 953 S.W.2d 842, 846–47 (Tex. App.—Austin 1997, no pet.)
(defendant may not appeal pretrial order raising bond); McKown, 915 S.W.2d at 161 (defendant may
not appeal trial court's denial of motion to suppress); Petty v. State, 800 S.W.2d 582, 583 (Tex.
App.—Tyler 1990, no pet.) (defendant may not appeal trial court's order of dismissal—not aggrieved
by order).
            We dismiss the appeal for want of jurisdiction.



                                                                        Josh R. Morriss, III
                                                                        Chief Justice
 
Date Submitted:          January 4, 2006
Date Decided:             January 5, 2006

Do Not Publish