**Motions Denied; Appeal Dismissed and Memorandum Opinion filed December 16, 2014.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00940-CR

### PATRICIA ANN POTTS, Appellant

### V.

### THE STATE OF TEXAS, Appellee

**On Appeal from County Criminal Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1984063**

## M E M O R A N D U M   O P I N I O N

This appeal is before the Court on its own motion for determination whether the appeal should be dismissed for want of jurisdiction. Finding there is no appealable order, we dismiss the appeal for want of jurisdiction.

This attempted appeal arises from a misdemeanor charge of criminal trespass. The clerk's record has been filed and reflects the charges were dismissed.

The rules of appellate procedure provide that a criminal defendant has the right to appeal a judgment of guilt or other appealable order. *See* Tex. R. App. P. 25.2(a)(2). Although the State is expressly permitted by statute to appeal an order dismissing an indictment, this right of appeal has not been extended to the defendant by statute or rule. Consequently, an order dismissing a charging instrument is not an appealable order for purposes of rule 25.2(a)(2) if a defendant brings the appeal. *See Petty v. State*, 800 S.W.2d 582, 583–84 (Tex.App.—Tyler 1990, no pet.) (applying federal law holding that a dismissal of an indictment is not an appealable order and review of a dismissal order must await the outcome of a trial). Accordingly, we lack jurisdiction to consider an appeal from the trial court's order of dismissal. *See* Tex. R. App. P. 43.2(f); *Skinner v. State,* 305 S.W.3d 593, 594 (Tex. Crim. App. 2010).

The record also contains an order appointing counsel and releasing medical records to counsel pursuant to Chapter 46B of the Texas Code of Criminal Procedure. Generally, we only have jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *Workman v. State,* 170 Tex. Crim. 621, 343 S.W.2d 446, 447 (1961); *McKown v. State,* 915 S.W.2d 160, 161 (Tex.App.—Fort Worth 1996, no pet.). The trial court's order is not a separately appealable order. Because the record contains no appealable judgment or order, the appeal is ordered dismissed and appellant's pending motions are denied.


PER CURIAM


Panel consists of Justices Jamison, Busby and Brown.
Do Not Publish — Tex. R. App. P. 47.2(b).