**Dismissed and Memorandum Opinion filed February 19, 2015.**



In The

# Fourteenth Court of Appeals

### NO. 14-14-00939-CR

## PATRICIA ANN POTTS, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from County Criminal Court at Law No. 2**
**Harris County, Texas**
**Trial Court Cause No. 1970525**

## M E M O R A N D U M   O P I N I O N

This appeal is before the Court on its own motion for determination whether the appeal should be dismissed for want of jurisdiction. We dismiss.

This attempted appeal arises from a misdemeanor charge of criminal trespass. The record reflects that in accordance with article 46B.004(e), the trial court found appellant was incompetent, with no likelihood of restoration. *See* Tex. Code Crim. Proc. art. 46B.004(e). The trial court then proceeded under Subchapter

F of Article 46B. *Id.* The trial court found appellant is a person with mental illness or mental retardation, ordered appellant transferred to Harris County Probate Court Number 3 for civil commitment proceedings, and dismissed all charges. *See* Tex. Code Crim. Proc. art. 46B.151(a) and (b). The trial court ordered appellant held in the Harris County Jail pending prompt transfer to a mental health facility. *See* Tex. Code Crim. Proc. art. 46B.151(b)(1). The record before this court contains no further orders.

Generally, we only have jurisdiction to consider an appeal by a criminal defendant where there has been a final judgment of conviction. *See Apolinar v. State*, 820 S.W.2d 792, 794 (Tex. Crim. App. 1991). The rules of appellate procedure provide that a criminal defendant has the right to appeal a judgment of guilt or other appealable order. *See* Tex. R. App. P. 25.2(a)(2). An order dismissing a charging instrument is not an appealable order for purposes of rule 25.2(a)(2) if a defendant brings the appeal. *See Petty v. State*, 800 S.W.2d 582, 583–84 (Tex.App.—Tyler 1990, no pet.). Accordingly, we lack jurisdiction to consider an appeal from the trial court's order of dismissal. *See* Tex. R. App. P. 43.2(f); *Skinner v. State*, 305 S.W.3d 593, 594 (Tex. Crim. App. 2010).

Absent any rule or any statutory or constitutional provision that authorizes the defendant's appeal, we lack jurisdiction. *See Staley v. State*, 233 S.W.3d 337, 338 (Tex. Crim. App. 2007) (dismissing the defendant's appeal from order compelling medication because it was not authorized by law). *See also Abbott v. State*, 271 S.W.3d 694, 697 (Tex. Crim. App. 2008) (dismissing the defendant's appeal from trial court's post-judgment order denying his time-credit motion). Appellant's first amended notice of appeal states that she seeks to appeal the following orders:

1. Order Appointing Counsel And Releasing Medical Records

pursuant to Chapter 46B, signed September 22, 2014;

2.      Order for Transfer of Civil Commitment signed October 07, 2044 [sic];

3.      Finding of Incompetence signed October 07, 2014;

4.      Motion & Order for Finding Related to Competency signed October 17, 2014;

5.      Alias Capias and Instanter issued September 17, 2014.

Chapter 46B contains no provision for an appeal of orders issued under Subchapter F and we are aware of no other law authorizing such an appeal. On December 8, 2014, the parties were notified this court would consider dismissal of the appeal on its own motion unless any party filed a response within 10 days. Appellant filed no response.

Accordingly, the appeal is ordered dismissed.  Appellant's pending motions are denied as moot.

PER CURIAM

Panel consists of Justices Jamison, Busby and Brown.

Do Not Publish – Tex.  R. App. P.47.2(b).