**Opinion issued October 18, 2016**



In The

# Court of Appeals

For The

# First District of Texas

———————————

## NO. 01-16-00416-CR

———————————

**JOHNNY LEE CHILDRESS, JR., Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 268th District Court**
**Fort Bend County, Texas**
**Trial Court Cause No. 15-DCR-070013A**

---

## MEMORANDUM OPINION

Appellant, Johnny Lee Childress, Jr., pleaded guilty to the second-degree felony offense of burglary of a habitation with intent to commit a theft under the original trial court cause number 15-DCR-070013, with the agreed punishment

recommendation that he receive twelve years' confinement.[1]  On April 25, 2016, the trial court assessed appellant's punishment at twelve years' confinement under trial court cause number 15-DCR-070013, under the terms of his plea bargain with the State.  This sentence is within the applicable range.[2]  The trial court certified that this is a plea-bargain case, that appellant has no right of appeal, and that he waived his right of appeal.  Appellant did not appeal from this judgment.

Instead, appellant timely filed a pro se notice of appeal from the related trial court cause number 15-DCR-070013A, under which there is no judgment of conviction.  The trial court appointed Michael C. Diaz as appellate counsel for appellant under both trial court cause numbers 15-DCR-070013 and 15-DCR-070013A.  Appellant's counsel filed a motion to withdraw with an amended *Anders* brief under 15-DCR-070013A stating that the record presents no non-frivolous issues or reversible error and that, therefore, this appeal is without merit and is frivolous.  *See Anders v. California*, 386 U.S. 738, 87 S. Ct. 1396 (1967).  Appellant has filed no substantive pro se response to his counsel's *Anders* brief.[3]  We dismiss this appeal for want of jurisdiction.

---

[1]  *See* TEX. PENAL CODE ANN. § 30.02(a)(1), (c)(2) (West Supp. 2016).

[2]  *See* TEX. PENAL CODE ANN. § 12.33(a) (West Supp. 2016).

[3]  On September 27, 2016, this Court denied appellant's pro se letter-motion to dismiss this appeal without prejudice to refiling by appellant's counsel because it

2

There is no constitutional right to appellate review of criminal convictions. *See Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992). The right to appeal in criminal cases is conferred by the legislature, and a party may appeal only from judgments of conviction or orders authorized as appealable. *See* TEX. CRIM. PROC. CODE ANN. art. 44.02 (West Supp. 2016); TEX. R. APP. P. 25.2(a)(2); *see also Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014).

Here, the clerk's record for the underlying trial court cause number 15-DCR-070013A, filed in this Court on June 6, 2016, reflects that the State had re-indicted appellant on December 21, 2015, for the same second-degree felony offense of burglary of a habitation with intent to commit a theft as under the original trial court cause number 15-DCR-070013. The only apparent difference between appellant's original and subsequent indictments was that the State added two enhancement paragraphs under trial court cause number 15-DCR-070013A. Then, on April 25, 2016, the trial court signed an order granting the State's motion to dismiss the indictment in trial court cause number 15-DCR-070013A because appellant "was convicted in another case," which lists the original trial court cause number 15-DCR-070013.[4] Because there is no judgment of conviction or

---

did not comply with Rule 42.2. *See* TEX. R. APP. P. 42.2(a). To date, appellant's counsel has not filed a compliant motion to dismiss with this Court.

[4] Although the State's motion to dismiss under 15-DCR-070013A lists the other trial court cause number as "13 DCR 070013," this appears to be a typographical

appealable order in 15-DCR-070013A, the only trial court cause number on this appeal,[5] we lack jurisdiction over this appeal. *See State v. Sanavongxay*, 407 S.W.3d 252, 259 (Tex. Crim. App. 2012) (court of appeals lacks jurisdiction absent written, appealable order); *see also Petty v. State*, 800 S.W.2d 582, 583 (Tex. App.—Tyler 1990, no writ) (defendant could not appeal trial court dismissal of indictment—defendant not aggrieved by order).

## Conclusion

Accordingly, we dismiss this appeal for want of jurisdiction. *See* TEX. R. APP. P. 25.2(d), 43.2(f). We dismiss all pending motions as moot.

## PER CURIAM

Panel consists of Chief Justice Radack and Justices Higley and Huddle.

Do not publish. TEX. R. APP. P. 47.2(b).

---

error because the clerk's record for the original trial court cause number 15-DCR-070013 was filed in this Court on June 6, 2016, with the judgment signed on April 25, 2016.

[5] Moreover, even if appellant had timely appealed from the original trial court cause number 15-DCR-070013, that appeal would have to be dismissed because the trial court's certification, included in the clerk's record, states that the original case was a plea-bargained case and that appellant has no right of appeal. *See* TEX. R. APP. P. 25.2(a)(2), (d). The clerk's record for 15-DCR-070013 supports the trial court's certification. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

4