**Opinion issued March 26, 2020**



In The

# Court of Appeals

For The

# First District of Texas

—————————————

**NO. 01-19-00823-CR**

**NO. 01-19-00824-CR**

**NO. 01-19-00862-CR**

—————————————

**EDWARD LEWIS HALEY, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 351st District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1591071, 1594970, 1594969**

---

## MEMORANDUM OPINION

In appellate cause number 01-19-00823-CR, pursuant to an agreement with

the State, appellant, Edward Lewis Haley, pleaded guilty to the felony offense of

unauthorized use of a motor vehicle.[1]  The trial court then found appellant guilty and assessed his punishment, in accordance with the agreement, at confinement for two years.  In appellate cause number 01-19-00824-CR, pursuant to an agreement with the State, appellant pleaded guilty to the felony offense of burglary of a building.[2]  The trial court then found appellant guilty and assessed his punishment, in accordance with the agreement, at confinement for two years.  The sentences were to run concurrently.  Finally, in appellate cause number 01-19-00862-CR, a Harris County Grand Jury issued a true bill of indictment, alleging that appellant committed the felony offense of burglary of a building.[3]  The State subsequently filed a motion to dismiss because appellant had already been "convicted in another case."  On September 26, 2019, the trial court granted the State's motion and dismissed the underlying case, trial court cause number 1594969, against appellant.  Appellant filed a pro se notice of appeal in each appellate cause number.

We dismiss the appeals for lack of jurisdiction.

In appellate cause numbers 01-19-00823-CR and 01-19-00824-CR, the trial court's certification shows that each case was "a plea-bargain case, and [appellant] has NO right of appeal."  *See* TEX. R. APP. P. 25.2(a)(2).  The record supports the

---

[1]      *See* TEX. PENAL CODE ANN. § 31.07; trial court cause no. 1591071.

[2]      *See id.* § 30.02; trial court cause no. 1594970.

[3]      *See id.*; trial court cause no. 1594969.

2

trial court's certifications. *See Dears v. State*, 154 S.W.3d 610, 615 (Tex. Crim. App. 2005).

In a plea-bargain case, a defendant may only appeal those matters that were raised by written motion filed and ruled on before trial or after getting the trial court's permission to appeal. TEX. CODE CRIM. PROC. art. 44.02; TEX. R. APP. P. 25.2(a)(2). An appeal must be dismissed if a certification showing that the defendant has the right of appeal is not made part of the record. TEX. R. APP. P. 25.2(d). Because appellant has no right of appeal in appellate cause numbers 01-19-00823-CR and 01-19-00824-CR, we must dismiss the appeals for lack of jurisdiction. *See Chavez v. State*, 183 S.W.3d 675, 680 (Tex. Crim. App. 2006) ("A court of appeals, while having jurisdiction to ascertain whether an appellant who plea-bargained is permitted to appeal by Rule 25.2(a)(2), must dismiss a prohibited appeal without further action, regardless of the basis for the appeal.").

In appellate cause number 01-19-00862-CR, appellant attempts to appeal from the trial court's order granting the State's motion to dismiss the underlying case against him.

The right to appeal in criminal cases is conferred by statute. *See Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014); *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011). Subject to certain exceptions, which are inapplicable here, generally, a party may appeal only from a judgment of conviction.

3

*See* TEX. CODE CRIM. PROC. art. 44.02 (providing criminal defendant may appeal conviction); TEX. R. APP. P. 25.2(a)(2); *State v. Sellers*, 790 S.W.2d 316, 321 n.4 (Tex. Crim. App. 1990); *see also Bustemante v. State*, Nos. 01-12-00556-CR, 01-12-00557-CR, 01-12-00558-CR, 2012 WL 5458442, at *1 (Tex. App.—Houston [1st Dist.] Nov. 8, 2012, no pet.) (mem. op., not designated for publication).

Here, there is no judgment of conviction, and the order granting the State's motion to dismiss is not a separately appealable order. *See Harrison v. State*, No. 14-16-00082-CR, 2016 WL 519628, at *1 (Tex. App.—Houston [1st Dist.] Feb. 9, 2016, no pet.) (mem. op., not designated for publication); *see also Petty v. State*, 800 S.W.2d 582, 583–84 (Tex. App.—Tyler 1990, no writ) (defendant could not appeal trial court dismissal of indictment—defendant not aggrieved by order). Thus, this Court lacks jurisdiction over the appeal, and we must dismiss. *See, e.g.*, *Harrison*, 2016 WL 519628, at *1; *Bustemante*, 2012 WL 5458442, at *1; *Anthony v. State*, No. 04-11-00031-CR, 2011 WL 915749, at *1 (Tex. App.—San Antonio Mar. 16, 2011, no pet.) (mem. op., not designated for publication); *Ballard v. State*, Nos. 01-08-00947-CR, 01-08-00948-CR, 2009 WL 3248197, at *1 (Tex. App.—Houston [1st Dist.] October 8, 2009, no pet.) (mem. op., not designated for publication).

Based on the foregoing, we dismiss the appeals in appellate cause numbers 01-19-00823-CR, 01-19-00824-CR, and 01-19-00862-CR for lack of jurisdiction. *See* TEX. R. APP. P. 43.2(f). We dismiss any pending motions as moot.

**PER CURIAM**

Panel consists of Justices Keyes, Landau, and Countiss.

Do not publish. TEX. R. APP. P. 47.2(b).