**Dismiss and Opinion Filed August 5, 2021**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-21-00517-CR**
**No. 05-21-00520-CR**

**BRYAN MATTHEW CAHILL, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the 380th Judicial District Court**
**Collin County, Texas**
**Trial Court Cause Nos. 380-82181-2019 & 380-82182-2019**

## MEMORANDUM OPINION

Before Justices Osborne, Pedersen, III, and Nowell
Opinion by Justice Nowell

On June 30, 2021, appellant filed a pro se notice of appeal listing nine trial court cause numbers. After reviewing the documents filed by the Collin County District Clerk along with the notice of appeal, the Court questioned its jurisdiction over cause numbers 05-21-00517-CR and 05-21-00520-CR because it appeared those two cause numbers were dismissed by the trial court in a June 16, 2021 order. We asked the parties (appellant had since been appointed counsel) to brief the Court on the jurisdictional issue.

On July 21, 2021, appellant's counsel responded, agreeing that those two cases should be dismissed for want of jurisdiction. To date, the State has not responded.

There is no constitutional right to appellate review of criminal convictions. *See Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992). The Texas Legislature confers the right of appeal in criminal cases, and a party may appeal only from judgments of conviction or authorized orders. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02, TEX. R. APP. P. 25.2(a)(2); *see also Ragston v. State*, 424 S.W.3d 49, 52 (Tex. Crim. App. 2014). Thus, the "standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). And although the State may appeal an order dismissing an indictment, the defendant does not have a corresponding right to do the same. *See* TEX. R. APP. P. 25.2(a)(2); *see also Petty v. State*, 800 S.W.2d 582, 583–84 (Tex. App.—Tyler 1990, no pet.) (per curiam) (dismissal of indictment is not appealable order).

Because we lack jurisdiction over appellate cause numbers 05-21-00517-CR and 05-21-00520-CR, we dismiss those two appeals.


200517f.u05                          /Erin A. Nowell//
200520f.u05                          ERIN A. NOWELL
                                     JUSTICE

Do Not Publish
TEX. R. APP. P. 47.2(b)



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BRYAN MATTHEW CAHILL,
Appellant

No. 05-21-00517-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 380-82181-
2019.
Opinion delivered by Justice Nowell.
Justices Osborne and Pedersen, III
participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want
of jurisdiction.

Judgment entered this 5th day of August, 2021.



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

BRYAN MATTHEW CAHILL,
Appellant

No. 05-21-00520-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 380th Judicial
District Court, Collin County, Texas
Trial Court Cause No. 380-82182-
2019.
Opinion delivered by Justice Nowell.
Justices Osborne and Pedersen, III
participating.

Based on the Court's opinion of this date, we **DISMISS** this appeal for want
of jurisdiction.

Judgment entered this 5th day of August, 2021.