# NO. 12-21-00183-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SAMUEL HALE,*<br>*APPELLANT* | *§* | *APPEAL FROM THE 420TH* |
| *V.* | *§* | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | *§* | *NACOGDOCHES COUNTY, TEXAS* |

*MEMORANDUM OPINION*
*PER CURIAM*

Samuel Hale appeals from a September 16, 2021, order denying his motion to disqualify the trial court judge. The case information sheet from the Nacogdoches County District Clerk's Office reflects that his case was dismissed on October 16, 2014.

On October 12, 2021, the Clerk of this Court notified Appellant that the notice of appeal does not show the jurisdiction of this Court, i.e., the order being appealed is not an appealable order. The notice further advised that the appeal would be dismissed unless the notice of appeal was amended on or before November 12, 2021 to show this Court's jurisdiction. Appellant filed an amended notice of appeal, stating his "intent to appeal by Mandamus Application for Appeal" to this Court on the denial of the motion to disqualify, "an appeal from a judgement [sic] made on September 16th, 2021."

An order granting or denying a motion to disqualify may be reviewed by mandamus and may be appealed in accordance with other law. TEX. R. CIV. P. 18a(j)(2); *see **DeLeon v. Aguilar***, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004) (orig. proceeding) (applying Rule 18a to criminal cases). Appellant has not filed a petition for writ of mandamus with this Court and his use of the term "mandamus" in his notice of appeal and amended notice of appeal is not tantamount to filing a mandamus petition. *See* TEX. R. APP. P. 52.1 ("An original appellate proceeding seeking extraordinary relief--such as a writ of habeas corpus, *mandamus*, prohibition,

injunction, or quo warranto--*is commenced by filing a petition* with the clerk of the appropriate appellate court.") (emphasis added); *see also* TEX. R. APP. P. 52.3 (form and contents of petition); ***Fineberg v. State***, No. 05-20-00163-CR, 2020 WL 2110667, at *4 (Tex. App.—Dallas May 4, 2020, no pet.) (mem. op., not designated for publication) (rejecting request to treat notice of appeal as mandamus petition; two-page notice did not meet requirements of Rule 52).

Moreover, as previously stated, Appellant's case was dismissed in 2014. Thus, there is no final judgment of conviction. *See* ***Petty v. State***, 800 S.W.2d 582, 584 (Tex. App.—Tyler 1990, no writ) (order dismissing indictment is not an order from which an appellant may appeal); *see also* ***Ward v. State***, 2019 WL 4296518, at *1 (Tex. App.—Tyler Sept. 11, 2019, no pet.) (mem. op., not designated for publication) (per curiam) (same); ***Sinclair v. State***, No. 01-18-00479-CR, 2018 WL 4132258, at *1 (Tex. App.—Houston [1st Dist.] Aug. 30, 2018, no pet.) (mem. op., not designated for publication) (dismissing appeal for want of jurisdiction where there was no judgment of conviction, only an order of dismissal). And "[t]here is no 'other law' allowing an interlocutory appeal of an order denying a motion to disqualify in a criminal case." ***Muhammad v. State***, No. 08-18-00125-CR, 2018 WL 3751742, at *1 (Tex. App.—El Paso Aug. 8, 2018, pet. ref'd) (mem. op., not designated for publication).

Accordingly, because an interlocutory appeal of the order denying Appellant's motion to disqualify is not authorized, we conclude that we lack jurisdiction to consider this appeal. *See* TEX. R. APP. P. 43.2(f). We ***dismiss*** the appeal for ***want of jurisdiction***.

Opinion delivered November 10, 2021.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)

2



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**NOVEMBER 10, 2021**

**NO. 12-21-00183-CR**

**SAMUEL HALE,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 420th District Court
of Nacogdoches County, Texas (Tr.Ct.No. F1320029)

THIS CAUSE came on to be heard on the appellate record, and the same being considered, it is the opinion of this Court that it is without jurisdiction of the appeal, and that the appeal should be dismissed.

It is therefore ORDERED, ADJUDGED and DECREED by this Court that this appeal be, and the same is, hereby **dismissed for want of jurisdiction**; and that this decision be certified to the court below for observance.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*