# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

NO. 03-25-00433-CR
NO. 03-25-00434-CR
NO. 03-25-00435-CR
NO. 03-25-00436-CR
NO. 03-25-00437-CR
NO. 03-25-00438-CR

**James Richardson Reece, Appellant**

**v.**

**The State of Texas, Appellee**

**FROM THE COUNTY COURT AT LAW NO. 2 OF HAYS COUNTY
NOS. 22-1040CR-2, 22-1750CR-2, 22-2084CR-2, 22-3095CR-3, 22-3377CR-3, 22-4024CR-2
THE HONORABLE DARYL RUSSELL COFFEY, JUDGE PRESIDING**

## M E M O R A N D U M   O P I N I O N

In the above causes, the State charged appellant James Richardson Reece with various misdemeanor offenses, including criminal mischief, criminal trespass, and interference with public duties. While the causes were pending, Reece was found incompetent to stand trial following a psychological evaluation. *See* Tex. Code Crim. Proc. art. 46B.005. Reece contested that finding and requested a jury trial on the issue of competency. *See id*. art. 46B.051. Subsequently, the State filed a motion to dismiss each of the causes, advising the court that "given the balance of available resources were the State to proceed on these charges, balanced against the substantive facts of the individual cases, the interests of justice do not support

continued prosecution at this time." The trial court granted the motion to dismiss in each cause. Reece filed a notice of appeal from each order.[1]

"[I]n Texas, appeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute." *State v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011); *Dewalt v. State*, 417 S.W.3d 678, 683 (Tex. App.—Austin 2013, pet. denied). Stated another way, in criminal cases, "[t]he standard for determining jurisdiction is not whether the appeal is precluded by law, but whether the appeal is authorized by law." *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). There is no statute that authorizes a defendant to appeal an order dismissing a charge that has been filed against him. *See Petty v. State*, 800 S.W.2d 582, 583-84 (Tex. App.—Tyler 1990, no pet.); *Jeanmarie v. State*, No. 08-06-00192-CR, 2006 WL 2570852, at \*1 (Tex. App.—El Paso Sept. 7, 2006, no pet.).

We have reviewed the clerk's record to see if there is any order from which Reece may appeal, and we have found none. To the extent that Reece is challenging the determination that he was incompetent to stand trial, that determination is not subject to an interlocutory appeal. *See* Tex. Code Crim. Proc. art. 46B.011; *see also Queen v. State*, 212 S.W.3d 619, 622-23 (Tex. App.—Austin 2006, no pet.).

---

[1] Reece has filed an unopposed motion to consolidate his appeals into a single cause because they involve common questions of fact and law. We grant the motion and consolidate the above-referenced appeals for all purposes. The records and documents filed in cause numbers 03-25-00434-CR, 03-25-00435-CR, 03-25-00436-CR, 03-25-00437-CR, and 03-25-00438-CR are consolidated into cause number 03-25-00433-CR. The consolidated appeal shall proceed under cause number 03-25-00433-CR, and cause numbers 03-25-00434-CR, 03-25-00435-CR, 03-25-00436-CR, 03-25-00437-CR, and 03-25-00438-CR are hereby dismissed. We dismiss as moot Reece's motion for a ruling on his motion to consolidate.

We dismiss Reece's appeal for want of jurisdiction. We dismiss as moot Reece's motion for access to the appellate record and motion for extension of time to file his brief.

_____

Gisela D. Triana, Justice

Before Justices Triana, Kelly, and Theofanis

Dismissed for Want of Jurisdiction

Filed: October 31, 2025