

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,296

**HENRY WATKINS SKINNER, Appellant**

**v.**

**THE STATE OF TEXAS**

## ON DIRECT APPEAL FROM THE TRIAL COURT'S RULING ON A MOTION FILED IN CAUSE NO. 5216 IN THE 31ST JUDICIAL DISTRICT COURT GRAY COUNTY

**PER CURIAM.**

## O P I N I O N

Approximately two weeks ago, appellant filed a motion in both this Court and the convicting court in which he asked each court to:

(1) vacate the trial court's October 20, 2009, order setting his execution date for February 24, 2010, and recall the void death warrant issued by the clerk of the court on November 13, 2009; and

(2) prohibit the trial court from setting a new execution date until this Court has denied post-conviction habeas corpus relief in his case (or issued mandate on a filed and set writ).

In response to the motion filed in the trial court, the trial judge issued an order in which he:

(1) vacated his October 2009 order setting Skinner's execution date;

(2) withdrew the November 13, 2009, death warrant; and

(3) set a new execution date of March 24, 2010.

Based upon the trial court's ruling and our own review of the motion, this Court thereafter denied the identical motion that had been filed in this Court. Appellant now purports to appeal the part of the trial court's order that sets a new execution date. Specifically, appellant argues that, because this Court has never reviewed the merits of the claims he raised in a timely filed initial application for writ of habeas corpus, the trial court did not have the authority to set his execution date.

We lack appellate jurisdiction over appellant's claim. The Legislature prescribes the jurisdiction of the appellate courts.[1] Conferring a defendant's general right to appeal, article 44.02 provides in relevant part: "A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed . . . ."[2] Our cases indicate that a "criminal action" no longer exists after a defendant has been convicted and the direct appeal process from that conviction has been exhausted. For example, in holding that a trial court has no jurisdiction to order postconviction DNA testing when the statutory requirements were not met, we explained: "When a conviction has been affirmed on appeal and the mandate has issued, general jurisdiction is not restored in the trial court."[3] Once general jurisdiction has expired, and absent direction from a higher court, a trial court can act only

---

[1] *Wolfe v. State*, 120 S.W.3d 368, 372 (Tex. Crim. App. 2003).

[2] TEX. CODE CRIM. PROC. art. 44.02.

[3] *State v. Patrick*, 86 S.W.3d 592, 594 (Tex. Crim. App. 2002).

if, and to the extent, it is authorized to do so by a specific statutory source.[4]  Likewise, we have held that appellate jurisdiction to review a trial court's order relating to postconviction DNA testing is limited to the appellate jurisdiction conferred by the DNA testing statute.[5]

Appellant was convicted, and the direct appeal process from that conviction has been exhausted.  No statute specifically authorizes an appeal from a trial court's order setting an execution date or from an order that denies a defendant's motion with respect to the setting of an execution date.  The appeal is dismissed.  No motion for rehearing will be entertained.

Publish
Delivered:      March 4, 2010

---

[4]  *Id.* at 594-95.

[5]  *Wolfe*, 120 S.W.3d at 372 (no jurisdiction to review trial court's decision to deny appointed expert assistance in connection with postconviction DNA testing); *see also Patrick*, 86 S.W.3d at 594 (State cannot appeal order for DNA testing that was entered outside the auspices of Chapter 64).