

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. AP-76,346

**KEVIN SCOTT VARGA, Appellant**

**v.**

**THE STATE OF TEXAS**

**ON DIRECT APPEAL FROM THE TRIAL COURT'S RULING ON
A MOTION FILED IN CAUSE NO. 20042
IN THE 354TH DISTRICT COURT
HUNT COUNTY**

**Per Curiam.**

## O P I N I O N

In November 2000, a jury found appellant guilty of the offense of capital murder.

The jury answered the special issues submitted pursuant to Texas Code of Criminal

Procedure Article 37.071, and the trial court, accordingly, set appellant's punishment at

death. This Court affirmed appellant's conviction and sentence on direct appeal. *Varga*

*v. State*, No. AP-73,990 (Tex. Crim. App. June 25, 2003)(not designated for publication).

Appellant's habeas attorney timely filed an application for habeas corpus, and this Court

denied relief on September 15, 2004. *Ex parte Varga*, No. WR-59,471-01 (Tex. Crim. App. Sept. 15, 2004)(not designated for publication).

On April 19, 2010, appellant filed a *pro se* motion in the convicting court in which he asked the court to dispense with the judgment and execution of judgment and order his immediate release. Essentially, appellant asserted that his transfer to and confinement in the Texas Department of Criminal Justice - Institutional Division prior to his execution subjects him to multiple punishments in violation of the Double Jeopardy Clause. The trial court denied appellant's motion. Appellant now purports to appeal the trial court's order on his motion.

As this Court recently explained in *Skinner v. State*, ___ S.W.3d ___, No. AP-76,296 (Tex. Crim. App. Mar. 4, 2010):

> The Legislature prescribes the jurisdiction of the appellate courts. Conferring a defendant's general right to appeal, article 44.02 provides in relevant part: "A defendant in any criminal action has the right of appeal under the rules hereinafter prescribed . . . ." Our cases indicate that a "criminal action" no longer exists after a defendant has been convicted and the direct appeal process from that conviction has been exhausted. For example, in holding that a trial court has no jurisdiction to order postconviction DNA testing when the statutory requirements were not met, we explained: "When a conviction has been affirmed on appeal and the mandate has issued, general jurisdiction is not restored in the trial court." Once general jurisdiction has expired, and absent direction from a higher court, a trial court can act only if, and to the extent, it is authorized to do so by a specific statutory source. Likewise, we have held that appellate jurisdiction to review a trial court's order relating to postconviction DNA testing is limited to the appellate jurisdiction conferred by the DNA testing statute.

(Citations omitted.)

Like the defendant in *Skinner*, appellant was convicted, and the direct appeal process from that conviction has been exhausted. Because the trial court has lost general jurisdiction over this case, and because we can find no statute specifically authorizing the court to rule on such a free-standing *pro se* motion (especially when appellant is also actively represented by counsel), it appears that the ruling was not properly issued. Likewise, no statute specifically authorizes an appeal from a trial court's order denying relief on this type of a motion. The appeal is dismissed. No motion for rehearing will be entertained.

Publish
Delivered:   May 10, 2010