02-10-202-CR-PDR
















 

 

 

COURT OF APPEALS

SECOND
DISTRICT OF TEXAS

FORT WORTH

 

NO. 2-10-00202-CR

 

 


 
 
 MICHAEL KUROSKY
 
 
 APPELLANT
 
 


                                                                                                                             

V.

 


 
 
 THE STATE OF TEXAS
 
 
  
 
 
 STATE
 
 


 

 

------------

 

FROM
COUNTY CRIMINAL COURT NO. 8 OF TARRANT
COUNTY

 

------------

 

MEMORANDUM OPINION ON
APPELLANT’S PETITION FOR DISCRETIONARY REVIEW[1]

 

------------

          We
withdraw our opinion and judgment issued September 30, 2010,
and substitute the following.[2]

          On May 21,
1997, Appellant Michael Kurosky pleaded guilty to theft,
and the trial court sentenced him to ninety days’ confinement probated for
twelve months.  On March 12, 2010, Appellant
filed a Motion to Set Aside Conviction and Dismiss Charges, which the trial
court denied on July 30, 2010.  Appellant
subsequently filed a notice of appeal, seeking to appeal from the trial court’s
order denying his motion.

We notified Appellant’s counsel that it appears we lack
jurisdiction over this matter and that this appeal could be dismissed unless he, or any party
desiring to continue the appeal, filed a response showing grounds for
continuing the appeal on or before August 30, 2010.  Appellant timely filed a response, which we
have considered.  It does not cite any
authority granting us jurisdiction over this appeal.

Appellant argues that because the trial court had
jurisdiction to consider the relief he requested of it, and because the trial
court certified that he has the right to appeal, we have jurisdiction to review
the trial court’s decision.

Neither the United States Constitution nor the Texas
Constitution require a state to establish appellate
courts or to provide defendants the right to appellate review of trial courts’
decisions in criminal cases.  See Phynes v. State,
828 S.W.2d 1, 2 (Tex. Crim. App. 1992).  Our appellate jurisdiction is set exclusively
by the legislature.  Skinner v. State, 305 S.W.3d 593, 593 (Tex.
Crim. App. 2010); Wolfe v. State, 120
S.W.3d 368, 372 (Tex. Crim. App. 2003). 
Thus, a party may only appeal that which the legislature has
authorized.  Olowosuko v. State, 826 S.W.2d
940, 941 (Tex. Crim. App. 1992); Eaden v. State, 901
S.W.2d 535, 536–37 (Tex. App.––El Paso, 1995, no pet.).

Appellant conflates the issue of whether the trial court
had jurisdiction to grant the relief he sought with the issue of whether we
have jurisdiction to consider an appeal based upon the trial court’s denial of
relief.  These are separate issues.  The standard for determining jurisdiction is
whether the appeal is authorized by law. 
Abbott v. State,
271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008).  Because our appellate jurisdiction is
determined solely and completely by the legislature, the question of whether
the trial court had jurisdiction in this case can only be reviewed if there is
a statute that authorizes us to review it.

Despite our having specifically instructed Appellant to
point us to a statute that authorizes this appeal, and our having provided him
ample opportunity to do so, he has not seized the opportunity.  We simply cannot address the question whether
the trial court had jurisdiction in this case without statutory authority to do
so.

Further, Appellant seems to argue that the trial court’s
certification of the defendant’s right to appeal as required by rule of
appellate procedure 25.2(a)(2) answers the question of whether we have
jurisdiction.  Appellant contends that we
should either defer to the trial court’s certification or determine that the
certificate is defective and allow it to be corrected.  But, again, it is the legislature that
prescribes our jurisdiction and not the trial court.  See
Skinner, 305 S.W.3d. at 593.  A trial
court’s certification of a defendant’s right to appeal is no vehicle for conferring
jurisdiction where none exists by law.  In
certifying a defendant’s right to appeal, a trial court is simply complying
with the mandate of rule 25.2(a)(2).  It has no effect on the appellate court’s
jurisdiction.

 The code of
criminal procedure provides that a probationer can appeal: (1) an original
judgment placing the defendant on community supervision at the time that community
supervision is imposed, and (2) a subsequent revocation of that community
supervision.  Tex. Code
Crim. Proc. Ann. art. 42.12, § 23(b) (Vernon Supp. 2010).  But nowhere has the legislature provided for
the appeal of an order denying a motion that is filed after the expiration of a
defendant’s term of community supervision and seeks to set aside the conviction
and dismiss the charges.  Similarly, it
is wholly immaterial to the question of our appellate jurisdiction that the
trial court certifies that a defendant has the right to appeal because no
statute provides that such a certification in any way invokes our jurisdiction.  Accordingly, we dismiss this appeal for want
of jurisdiction.  See Tex. R. App. P. 43.2(f); Skinner,
305 S.W.3d at 594.

 

                                                                             
 
 
 
 
 
 
 
 PER CURIAM

 

PANEL:  
 
 
 
 
 
 
 GABRIEL, J.; 
 
 
 
 
 
 LIVINGSTON, C.J.;  and 
 
 
 
 
 
 DAUPHINOT, J.

 

DO
NOT PUBLISH

Tex.
R. App. P. 47.2(b)

 

DELIVERED:  January 27, 2011











[1]See Tex. R. App. P. 47.4.





[2]See Tex. R. App. P. 50(a).