

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

### NO. 2-10-00202-CR

MICHAEL KUROSKY                                                      APPELLANT

V.

THE STATE OF TEXAS                                                         STATE

------------

FROM COUNTY CRIMINAL COURT NO. 8 OF TARRANT COUNTY

------------

## MEMORANDUM OPINION ON APPELLANT'S PETITION FOR DISCRETIONARY REVIEW[1]

------------

We withdraw our opinion and judgment issued September 30, 2010, and substitute the following.[2]

On May 21, 1997, Appellant Michael Kurosky pleaded guilty to theft, and the trial court sentenced him to ninety days' confinement probated for twelve months. On March 12, 2010, Appellant filed a Motion to Set Aside Conviction

---

[1]See Tex. R. App. P. 47.4.

[2]See Tex. R. App. P. 50(a).

and Dismiss Charges, which the trial court denied on July 30, 2010. Appellant subsequently filed a notice of appeal, seeking to appeal from the trial court's order denying his motion.

We notified Appellant's counsel that it appears we lack jurisdiction over this matter and that this appeal could be dismissed unless he, or any party desiring to continue the appeal, filed a response showing grounds for continuing the appeal on or before August 30, 2010. Appellant timely filed a response, which we have considered. It does not cite any authority granting us jurisdiction over this appeal.

Appellant argues that because the trial court had jurisdiction to consider the relief he requested of it, and because the trial court certified that he has the right to appeal, we have jurisdiction to review the trial court's decision.

Neither the United States Constitution nor the Texas Constitution require a state to establish appellate courts or to provide defendants the right to appellate review of trial courts' decisions in criminal cases. *See Phynes v. State*, 828 S.W.2d 1, 2 (Tex. Crim. App. 1992). Our appellate jurisdiction is set exclusively by the legislature. *Skinner v. State*, 305 S.W.3d 593, 593 (Tex. Crim. App. 2010); *Wolfe v. State*, 120 S.W.3d 368, 372 (Tex. Crim. App. 2003). Thus, a party may only appeal that which the legislature has authorized. *Olowosuko v. State*, 826 S.W.2d 940, 941 (Tex. Crim. App. 1992); *Eaden v. State*, 901 S.W.2d 535, 536–37 (Tex. App.—El Paso, 1995, no pet.).

2

Appellant conflates the issue of whether the trial court had jurisdiction to grant the relief he sought with the issue of whether we have jurisdiction to consider an appeal based upon the trial court's denial of relief. These are separate issues. The standard for determining jurisdiction is whether the appeal is authorized by law. *Abbott v. State*, 271 S.W.3d 694, 696–97 (Tex. Crim. App. 2008). Because our appellate jurisdiction is determined solely and completely by the legislature, the question of whether the trial court had jurisdiction in this case can only be reviewed if there is a statute that authorizes us to review it.

Despite our having specifically instructed Appellant to point us to a statute that authorizes this appeal, and our having provided him ample opportunity to do so, he has not seized the opportunity. We simply cannot address the question whether the trial court had jurisdiction in this case without statutory authority to do so.

Further, Appellant seems to argue that the trial court's certification of the defendant's right to appeal as required by rule of appellate procedure 25.2(a)(2) answers the question of whether we have jurisdiction. Appellant contends that we should either defer to the trial court's certification or determine that the certificate is defective and allow it to be corrected. But, again, it is the legislature that prescribes our jurisdiction and not the trial court. *See Skinner*, 305 S.W.3d. at 593. A trial court's certification of a defendant's right to appeal is no vehicle for conferring jurisdiction where none exists by law. In certifying a defendant's right

3

to appeal, a trial court is simply complying with the mandate of rule 25.2(a)(2). It has no effect on the appellate court's jurisdiction.

The code of criminal procedure provides that a probationer can appeal: (1) an original judgment placing the defendant on community supervision at the time that community supervision is imposed, and (2) a subsequent revocation of that community supervision. Tex. Code Crim. Proc. Ann. art. 42.12, § 23(b) (Vernon Supp. 2010). But nowhere has the legislature provided for the appeal of an order denying a motion that is filed after the expiration of a defendant's term of community supervision and seeks to set aside the conviction and dismiss the charges. Similarly, it is wholly immaterial to the question of our appellate jurisdiction that the trial court certifies that a defendant has the right to appeal because no statute provides that such a certification in any way invokes our jurisdiction. Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R. App. P. 43.2(f); *Skinner*, 305 S.W.3d at 594.

PER CURIAM

PANEL: GABRIEL, J.; LIVINGSTON, C.J.; and DAUPHINOT, J.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: January 27, 2011

4