

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-12-00460-CR

RONALD CLIFTON WORD, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 21st District Court
Lee County, Texas
Trial Court No. 3843, Honorable Reva Towslee Corbett, Presiding

August 7, 2013

## MEMORANDUM OPINION

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Appellant, Ronald Clifton Word, attempts to appeal the trial court's denial of a motion to enter a *nunc pro tunc* judgment requesting modification of the amended judgment filed in his case on October 29, 1986. Appellant seeks the removal of the trial court's finding that he used a deadly weapon in the commission of the offense for which he was convicted. The trial court denied the request and now appellant attempts to appeal from that denial. We will dismiss for lack of jurisdiction.

Appellant was convicted of aggravated robbery and ultimately sentenced to life imprisonment in the Institutional Division of the Texas Department of Criminal Justice. He appealed his conviction to the Third Court of Appeals who affirmed the conviction by written opinion in cause number 03-86-00281-CR. The Third Court of Appeals issued its mandate on December 13, 1988.

The jurisdiction of the Courts of Appeal is established in Article V, section 6 of the Texas Constitution which directs that this Court has jurisdiction "over all cases of which the District Courts or County Courts have original or appellate jurisdiction, under restrictions and regulations as may be prescribed by law." TEX. CONST. art. V, § 6. The Texas Code of Criminal Procedure provides that a defendant has the right of appeal. See TEX. CODE CRIM. PROC. ANN. art. 44.02 (West 2006). This direction of article 44.02 has been consistently held to mean that an appeal is only allowed from a final judgment. See, e.g., Abbott v. State, 271 S.W.3d 694, 697 n.8 (Tex.Crim.App. 2008). After the mandate on a direct appeal is issued, we have jurisdiction only to the extent it is authorized by a specific statute. See Shimmer v. State, 305 S.W.3d 593, 594 (Tex.Crim.App. 2010). We have found no statute that would authorize an appeal from the denial of a judgment *nunc pro tunc.* See State v. Ross, 953 S.W.2d 748, 751-52 (Tex.Crim.App. 1997). Accordingly, we dismiss this appeal for want of jurisdiction.

Per Curiam