**Opinion filed April 30, 2021**



In The

# Eleventh Court of Appeals

_____

## No. 11-21-00063-CR

_____

## IN RE JOHN FRANKLIN EARL

**Original Mandamus Proceeding**

## M E M O R A N D U M   O P I N I O N

Relator, John Franklin Earl, was convicted in Cause Number 26984A of aggravated sexual assault and sentenced to fifty years' confinement. *See Earl v. State*, No. 11-18-00138-CR, 2019 WL 1716406, at *1 (Tex. App.—Eastland Apr. 18, 2019, no pet.) (per curiam) (mem. op., not designated for publication). We affirmed the judgment of conviction on April 18, 2019. *Id.* Relator did not file a petition for discretionary review with the Texas Court of Criminal Appeals, and our mandate issued on June 19, 2019.

On April 7, 2021, Relator filed in Cause Number 26984A a Motion to Compel Attorney to Surrender Client File. The Honorable James Eidson, presiding judge of the 42nd District Court in Taylor County, wrote on the bottom of the motion that "[t]he trial court no longer has jurisdiction in this case." Relator filed this original petition for writ of mandamus in which he requests that we instruct Judge Eidson "to issue a ruling GRANTING" the motion to compel and to inform Judge Eidson that he "does effectively hold jurisdiction in cause number 26984-A, as to avoid any further unnecessary delays or issues in answering further properly filed motions in [Relator's] preparation to file an application for writ of habeas corpus 11.07."

To be entitled to mandamus relief, a relator must show that the act sought to be compelled is purely ministerial in nature and that there is no adequate remedy at law. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 *(*Tex. Crim. App. 2013) (orig. proceeding). Generally, a trial court has a ministerial duty to rule upon a properly filed and timely presented motion. *State ex rel. Young v. Sixth Judicial Dist. Court of Appeals*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding). A relator must show that the trial court (1) had a legal duty to rule on the motion, (2) was asked to rule on the motion, and (3) failed or refused to rule on the motion within a reasonable time. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding) (per curiam); *In re Prado*, 522 S.W.3d 1, 2 (Tex. App.—Dallas 2017, orig. proceeding).

After the trial court's plenary jurisdiction expires, it does not retain general jurisdiction over a case. *Skinner v. State*, 305 S.W.3d 593, 594 (Tex. Crim. App. 2010) (per curiam). A trial court's jurisdiction expires "when a case becomes final or is taken to a higher court." *State v. Patrick*, 86 S.W.3d 592, 596 (Tex. Crim. App.

2

2002) (orig. proceeding) (plurality op.); *see also Skinner*, 305 S.W.3d at 594 ("Our cases indicate that a 'criminal action' no longer exists after a defendant has been convicted and the direct appeal process from that conviction has been exhausted."). General jurisdiction is not restored in the trial court after a conviction has been affirmed on appeal and the mandate has issued. *Skinner*, 305 S.W.3d at 594; *Patrick*, 86 S.W.3d at 594. A trial court "does not have a duty to rule on free-floating motions unrelated to currently pending actions. In fact, it has no jurisdiction to rule on a motion when it has no plenary jurisdiction coming from an associated case." *In re Cash*, No. 06-04-00045-CV, 2004 WL 769473, at *1 (Tex. App.—Texarkana Apr. 13, 2004, orig. proceeding) (mem. op.); *see also In re Douglas*, No. 03-20-00589-CV, 2020 WL 7640147, at *1 (Tex. App.—Austin Dec. 23, 2020, orig. proceeding) (mem. op.).

Relator's case file belongs to him. *See In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). However, at the time that Relator filed the motion to compel his attorney to turn over the file, Judge Eidson no longer had general jurisdiction over Cause Number 26984A. Therefore, Relator has failed to establish that Judge Eidson had a duty to rule on the motion to compel. *See Douglas*, 2020 WL 7640147, at *1 (holding that the relator failed to show that he was entitled to mandamus relief based on the trial court's failure to rule on a motion to compel the relator's attorney to release the client file because the trial court had no duty to rule on free-floating motions that were unrelated to any pending action); *In re Rhodes*, No. 14-15-00195-CR, 2015 WL 1247267, at *1 (Tex. App.—Houston [14th Dist.] Mar. 17, 2015, orig. proceeding) (per curiam) (mem. op., not designated for publication) ("[I]n the absence of a statute providing the trial court with jurisdiction

over relator's request that the trial court order relator's former attorney to return his client file, the trial court owes no duty to rule on such motions.").[1]

We deny the petition for writ of mandamus.

PER CURIAM

April 30, 2021

Panel consists of: Bailey, C.J.,
Trotter, J., and Williams, J.

---

[1]In *In re Pete*, No. WR-89,935-04, 2019 WL 2870115, at *1 (Tex. Crim. App. July 3, 2019) (orig. proceeding) (per curiam) (order, not designated for publication), the relator sought leave to file petitions for writ of mandamus based on claims regarding "his pending applications for writs of habeas corpus, the transcripts of his trial, and his trial attorneys' files." The court of criminal appeals requested that the district court judge file a response regarding whether the relator's motion for the client file had been received and ruled on and whether the relator had received a copy of the client file. 2019 WL 2870115, at *1. In this case, unlike in *Pete*, Relator has not directed us to any pending proceeding to which his motion might be related.