**In The**
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-21-00164-CR**

**IN RE ANTHONY RAY BANKS**

**Original Proceeding**
**252nd District Court of Jefferson County, Texas**
**Trial Cause Nos. 67286, 67288 and 64255**

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, Anthony Ray Banks asks this Court to compel the judge of the 252nd District Court of Jefferson County, Texas to rule on the motion Banks filed asking the trial court to compel the attorney who represented him in three criminal cases to release the files he created in the cases to Banks. Even if Banks has been unable to obtain his files, however, his petition fails to show that the trial court cause numbers in which he filed his motion (causes 67286, 67288 and

64255) are still active criminal proceedings in any courts in Jefferson County, including the 252nd District Court.[1]

"Mandamus relief may be granted if a relator shows that: (1) the act sought to be compelled is purely ministerial, and (2) there is no adequate remedy at law." *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). To obtain relief on a petition for mandamus, the petitioner must show that he has a clear legal right to the act that he is seeking to compel. *Id.* To establish a clear legal right to a ruling on his motion, the petitioner must show the trial court had a legal duty that the court failed to discharge by ruling on the motion that is the subject of the petitioner's motion, that the petitioner asked the trial court to rule on his motion, and the trial court failed or refused to do so within a reasonable time. *In re Pete*, 589 S.W.3d 320, 321 (Tex. App.—Houston [14th Dist.] 2019, orig. proceeding).

Trial courts do not retain general jurisdiction over cases after the plenary jurisdiction that courts have over a specific case expires. *Skinner v. State*, 305 S.W.3d 593, 594 (Tex. Crim. App. 2010). "Once general jurisdiction has expired,

---

[1]We take judicial notice of the fact that in 1996, this Court affirmed the judgment of the Criminal District Court of Jefferson County, Texas in Trial Cause Number 67286. *See Banks v. State*, No. 09-95-165 CR, 1996 WL 492629, at *2 (Tex. App.—Beaumont Aug. 28, 1996, no pet.) (mem. op., not designated for publication). A few months later we dismissed Banks' appeal from the Criminal District Court of Jefferson County, Texas in Trial Cause Number 64255. *Banks v. State*, No. 09-95-164 CR, 1997 WL 34389, at *2 (Tex. App.—Beaumont Jan. 29, 1997, no pet.) (mem. op., not designated for publication). Banks does not claim that Trial Cause Number 67288 is an active case filed in the 252nd District Court.

and absent direction from a higher court, a trial court can act only if, and to the extent, it is authorized to do so by a specific statutory source." *Id*. Here, the judge presiding over the 252nd District Court had no duty or jurisdiction to rule on Banks' free-floating motion given that he has failed to establish that it is related to cases that are still pending in that court. *See In re Cash*, No. 06-04-00045-CV, 2004 WL 769473, at *1 (Tex. App.—Texarkana Apr. 13, 2004, orig. proceeding) (mem. op.).

We conclude that Banks failed to establish he has a right to relief. Accordingly, we deny his petition.

PETITION DENIED.

PER CURIAM

Submitted on June 22, 2021
Opinion Delivered June 23, 2021
Do Not Publish

Before Golemon, C.J., Kreger and Horton, JJ.