# NO. 12-22-00201-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *IN RE:* | § | |
| *MICHAEL RAY ORR,* | § | *ORIGINAL PROCEEDING* |
| *RELATOR* | § | |

## *MEMORANDUM OPINION*
### *PER CURIAM*

In 2019, Michael Ray Orr was convicted of continuous sexual abuse of a young child and this Court affirmed his conviction.[1]  Our mandate issued on March 22, 2021.  On July 18, 2022, Relator filed this pro se original proceeding to ask that we compel Respondent to order that Relator's counsel surrender Relator's client file to Relator.[2]  He claims he filed a motion to compel on May 6, 2022 and that Respondent denied the motion.[3]

On July 18, 2022, the Clerk of this Court informed Relator that his petition fails to comply with appellate Rules 52.3(a)-(e), (h), (k)(1)(A) and 52.7.  *See* TEX. R. APP. P. 52.3 (form and contents of petition); TEX. R. APP. P. 52.7 (record).  The notice warned that the petition would be referred to this Court for dismissal unless Relator provided an amended petition and the record on or before July 28.  Relator filed a supplemental petition but did not provide a record.

---

[1] *See* **Orr v. State**, No. 12-19-00398-CR, 2020 WL 6380335 (Tex. App.—Tyler Oct. 30, 2020, pet. ref'd) (mem. op., not designated for publication).

[2] Respondent is the Honorable Jack Skeen, Jr., Judge of the 241st District Court in Smith County, Texas. The State of Texas is the Real Party in Interest.

[3] It appears from Relator's appendix that the State Bar of Texas contacted Relator's counsel on more than one occasion to ask counsel to contact Relator with respect to furnishing the client file to Relator.

A party seeking mandamus relief must bring forward all that is necessary to establish his claim for mandamus relief.[4]  *See* TEX. R. APP. P. 52.  This entails filing a record as part of the petition in an original proceeding.  *See* TEX. R. APP. P. 52.7.  Specifically, a relator must file (1) a certified or sworn copy of every document that is material to his claim for relief and that was filed in any underlying proceeding; and (2) "a properly authenticated transcript of any relevant testimony from any underlying proceeding, including any exhibits offered in evidence, or a statement that no testimony was adduced in connection with the matter complained." TEX. R. APP. P. 52.7(a).  It is a relator's burden to provide this Court with a sufficient record to establish the right to mandamus relief.  *In re Daisy*, No. 12-13-00266-CR, 2014 WL 5577068, at *2 (Tex. App.–Tyler Aug. 29, 2014, orig. proceeding) (mem. op., not designated for publication).  Absent a record, this Court cannot conduct a meaningful review of Relator's request for relief.  *See In re McCreary*, No. 12-15-00067-CR, 2015 WL 1395783 (Tex. App.–Tyler Mar. 25, 2015, orig. proceeding) (per curiam) (mem. op., not designated for publication).

We also note that, even had Relator furnished a record, he would not be entitled to relief.  A writ of mandamus cannot be used to tell a trial court how to rule.  *See In re Wilson*, No. 12-13-00162-CR, 2013 WL 2456486, at *1 n.1 (Tex. App.—Tyler June 5, 2013, orig. proceeding) (mem. op., not designated for publication) (per curiam).  Moreover, a trial court has no duty to rule on free-floating motions unrelated to currently pending actions and lacks jurisdiction to rule on a motion absent plenary jurisdiction from an associated case.  *In re Beasley*, No. 12-17-00050-CR, 2017 WL 696128, at *1 (Tex. App.—Tyler Feb. 22, 2017, orig. proceeding) (mem. op., not designated for publication) (per curiam).  At the time Relator filed his motion to compel, Respondent no longer had jurisdiction over the case, trial court cause number 241-1663-18.  *See Skinner v. State*, 305 S.W.3d 593, 594 (Tex. Crim. App. 2010) (per curiam) ("a 'criminal action' no longer exists after a defendant has been convicted and the direct appeal process from that conviction has been exhausted").  Accordingly, Respondent had no duty to rule on the motion to compel.  *See In re Jones,* No. 03-21-00383-CV, 2021 WL 3684261, at *1 (Tex. App.—Austin Aug. 20, 2021, orig. proceeding) (mem. op.) (at time relator filed motion to compel his counsel to turn over file, trial court no longer had general jurisdiction over underlying criminal

---

[4] Pro se litigants are held to the same standards as licensed attorneys and must comply with all applicable rules of procedure; otherwise, pro se litigants would benefit from an unfair advantage over parties represented by counsel.  *In re Guerrero*, No. 12-21-00100-CR, 2021 WL 3412558, at *1 n.3 (Tex. App.—Tyler Aug. 4, 2021, no pet.) (mem. op., not designated for publication).

proceeding; thus, trial court had no duty to rule on motion); *see also* **In re Earl**, No. 11-21-00063-CR, 2021 WL 1707873, at *2 (Tex. App.—Eastland Apr. 30, 2021, orig. proceeding) (mem. op., not designated for publication) (per curiam) (same).

Accordingly, under these circumstances, we ***deny*** Relator's petition for writ of mandamus.

Opinion delivered August 10, 2022.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**AUGUST 10, 2022**

**NO. 12-22-00201-CR**

**MICHAEL RAY ORR,**
Relator
V.

**HON. JACK SKEEN, JR.,**
Respondent

ORIGINAL PROCEEDING

ON THIS DAY came to be heard the petition for writ of mandamus filed by Michael Ray Orr; who is the relator in appellate cause number 12-22-00201-CR and the defendant in trial court cause number 241-1663-18, formerly pending on the docket of the 241st Judicial District Court of Smith County, Texas. Said petition for writ of mandamus having been filed herein on July 18, 2022, and the same having been duly considered, because it is the opinion of this Court that the writ should not issue, it is therefore CONSIDERED, ADJUDGED and ORDERED that the said petition for writ of mandamus be, and the same is, hereby **denied**.

By *per curiam* opinion.
*Panel consisted of Worthen, C.J., Hoyle, J. and Neeley, J.*