In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-23-00298-CR
_____

IN RE HERBERT FEIST

_____

Original Proceeding
252nd District Court of Jefferson County, Texas
Trial Cause No. 39,295
_____

**MEMORANDUM OPINION**

In a mandamus petition, Herbert Feist asks this Court to compel the trial court

to provide a copy of one of Feist's previous applications for a writ of habeas corpus,

which Feist indicates the Court of Criminal Appeals denied without a written order

earlier this year, appoint counsel, and hold a hearing on issues presented in the

application for a writ of habeas corpus.[1]

---

[1]Additionally, Feist complains that Board of Pardons and Paroles added 7 years to his 40-year sentence without providing notice or an attorney. Feist contends he is being held illegally after serving 35 years of flat time and over 11 years on

1

Although the Court of Criminal Appeals has exclusive mandamus power over matters relating to post-conviction habeas corpus proceedings, when no article 11.07 application is pending an intermediate appellate court may consider a mandamus petition alleging that a district judge refused to rule on a motion. *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 117 (Tex. Crim. App. 2013) (orig. proceeding). But "[o]nce general jurisdiction has expired, and absent direction from a higher court, a trial court can act only if, and to the extent, it is authorized to do so by a specific statutory source." *Skinner v. State*, 305 S.W.3d 593, 594 (Tex. Crim. App. 2010). Moreover, to obtain mandamus relief in a criminal case, the relator must show that 1) he has no adequate remedy at law, and 2) what he seeks to compel is ministerial, involving no discretion. *In re State ex rel. Best*, 616 S.W.3d 594, 599 (Tex. Crim. App. 2021) (orig. proceeding).

The trial court's general jurisdiction over Trial Cause Number 39,295 expired decades ago. Feist does not direct this Court to a new motion that Feist has properly filed in Trial Cause Number 39,295, nor does he explain why the trial court has a ministerial duty at this time to appoint counsel, to hold a hearing, or to provide copies

parole. He complains that in 2014 the Board of Pardons and Paroles illegally took his street time and good time. These complaints are matters that would be raised through a petition for a writ of habeas corpus returnable to the Court of Criminal Appeals, not through a mandamus petition seeking relief from a trial court. *See* Tex. Code Crim. Proc. Ann. art. 11.07, sec. 3.

2

of a previous habeas application so that Feist may refile it. We deny the petition for a writ of mandamus.

PETITION DENIED.

PER CURIAM

Submitted on October 3, 2023
Opinion Delivered October 4, 2023
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.

3