

# NUMBER 13-23-00461-CR

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

## IN RE VICTOR HUGO CANALES

On Petition for Writ of Mandamus.

## MEMORANDUM OPINION

### Before Justices Benavides, Longoria, and Tijerina
### Memorandum Opinion by Justice Tijerina[1]

By pro se petition for writ of mandamus, relator Victor Hugo Canales contends that

the trial court has failed to comply with its ministerial duty to conduct a hearing and rule

on relator's motion in which he seeks to compel his former defense counsel to produce

relator's litigation file regarding his conviction for indecency with a child by contact. *See*

*Canales v. State*, No. 13-16-00252-CR, 2018 WL 2252719, at *1 (Tex. App.—Corpus

---

[1] *See* TEX. R. APP. P. 52.8(d) ("When denying relief, the court may hand down an opinion but is not required to do so. When granting relief, the court must hand down an opinion as in any other case."); *id.* R. 47.4 (distinguishing opinions and memorandum opinions).

Christi–Edinburg May 17, 2018, pet. ref'd) (mem. op., not designated for publication) (affirming appeal in which appellant contended that he was afforded ineffective assistance of counsel). Relator has further filed a motion for leave to file the petition for writ of mandamus.

In a criminal case, to be entitled to mandamus relief, the relator must establish both that the act sought to be compelled is a ministerial act not involving a discretionary or judicial decision and that there is no adequate remedy at law to redress the alleged harm. *See In re Meza*, 611 S.W.3d 383, 388 (Tex. Crim. App. 2020) (orig. proceeding); *In re Harris*, 491 S.W.3d 332, 334 (Tex. Crim. App. 2016) (orig. proceeding) (per curiam); *In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013) (orig. proceeding). If the relator fails to meet both requirements, then the petition for writ of mandamus should be denied. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps. at Texarkana*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding).

An attorney's client owns the contents of his or her file. *In re McCann*, 422 S.W.3d 701, 705 (Tex. Crim. App. 2013) (orig. proceeding). Relator alleges that he filed a motion to compel his defense attorney to produce his client file, but the trial court has not ruled on that motion. In support of his petition, relator has provided this Court with a pro se "Motion to Compel Attorney to Produce Client's File," file-stamped on July 29, 2022, and related proposed orders. A trial court has a ministerial duty to rule upon a motion that is properly and timely presented to it for a ruling. *State ex rel. Young v. Sixth Jud. Dist. Ct. of Apps.*, 236 S.W.3d 207, 210 (Tex. Crim. App. 2007) (orig. proceeding); *In re Hughes*, 607 S.W.3d 136, 137 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding). For

mandamus relief to be granted under such circumstances, the relator must show that: (1) the motion was filed and brought to the attention of the judge for a ruling, and (2) the judge has not ruled on the motion within a reasonable time after the motion was submitted to the court for a ruling or after the party requested a ruling. *In re Gomez*, 602 S.W.3d 71, 73–74 (Tex. App.—Houston [14th Dist.] 2020, orig. proceeding).

The Court, having examined and fully considered the petition for writ of mandamus and the applicable law, is of the opinion that relator has not met his burden to obtain relief. The petition and record are deficient, *see* TEX. R. APP. P. 52.3, 52.7; the respondent is no longer a sitting judge, *see id.* R. 7.2(b); *see also In re Emerson*, No. 06-18-00078-CV, 2018 WL 5091807, at *1 (Tex. App.—Texarkana Oct. 19, 2018, orig. proceeding [mand. denied]) (mem. op.) (noting that an appellate court lacks jurisdiction to issue mandamus to a former judge); and the record fails to reflect that the trial court has jurisdiction over the motion, *see Skinner v. State*, 305 S.W.3d 593, 594 (Tex. Crim. App. 2010) (per curiam); *see also In re Cash*, No. 06-04-00045-CV, 2004 WL 769473, at *1 (Tex. App.—Texarkana Apr. 13, 2004, orig. proceeding) (mem. op.) (stating that the trial court "does not have a duty to rule on free-floating motions unrelated to currently pending actions"). Accordingly, we deny the petition for writ of mandamus.

Further, as previously noted, relator filed a motion for leave to file this original proceeding. Although a motion for leave is required to file original proceedings in the Texas Court of Criminal Appeals, *see* TEX. R. APP. P. 72.1, a motion for leave is not required to file original proceedings in the intermediate appellate courts. *See id.* R. 52 & cmt.; *In re Fields*, 619 S.W.3d 394, 394 (Tex. App.—Waco 2021, orig. proceeding) (per

3

curiam); *see also In re Simmons*, No. 13-23-00217-CR, 2023 WL 3688028, at *2 (Tex. App.—Corpus Christi–Edinburg May 26, 2023, orig. proceeding) (mem. op., not designated for publication). We thus dismiss the motion for leave as moot.

JAIME TIJERINA
Justice

Do not publish.
TEX. R. APP. P. 47.2 (b).

Delivered and filed on the
2nd day of November, 2023.