In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00118-CR**
_____

**IN RE HERBERT FEIST**

**Original Proceeding
252nd District Court of Jefferson County, Texas
Trial Cause No. 39295**

**MEMORANDUM OPINION**

In a mandamus petition, Herbert Feist contends he has served the sentence imposed in Trial Cause Number 39295 and he argues the trial court failed to perform a ministerial duty to provide records, hold a habeas corpus hearing, and dismiss the case. He complains that the records for Trial Cause Number 39295 were destroyed in 2020. As mandamus relief, Feist asks that all of his previous writ applications be re-opened, that an attorney be appointed to represent him, that he be provided case numbers and records of all of his previous convictions, that Trial Cause Number 39295 be dismissed and that he be released from incarceration immediately.

1

Assuming at this moment Feist has no active habeas corpus proceeding on file, this Court has original jurisdiction to consider a mandamus petition that complains that the trial court refused to rule on a motion. *Padieu v. Court of Appeals of Tex., Fifth Dist.*, 392 S.W.3d 115, 116-117 (Tex. Crim. App. 2013) (orig. proceeding). To obtain mandamus relief, the relator must show that he seeks to compel a ministerial act involving no discretion and he has no adequate remedy at law. *In re State ex rel. Best*, 616 S.W.3d 594, 599 (Tex. Crim. App. 2021) (orig. proceeding).

Feist cited no statute or case that allows the district court to re-open Feist's closed post-conviction proceedings, hold a habeas corpus hearing, dismiss a criminal case after the conviction became final, or order the Texas Department of Criminal Justice to release Feist from prison. Article 11.07 of the Texas Code of Criminal Procedure provides the exclusive method for challenging a final felony conviction in a non-death penalty case. *See* Tex. Code Crim. Proc. Ann. art. 11.07, § 5. The authority to grant relief under article 11.07 is vested exclusively in the Court of Criminal Appeals. *See Ex parte Ybarra*, 629 S.W.2d 943, 945-46 (Tex. Crim. App. 1982). When article 11.07 provides an adequate remedy at law, an intermediate appellate court cannot grant mandamus relief. *Ater v. Eighth Court of Appeals*, 802 S.W.2d 241, 243 (Tex. Crim. App. 1991) (orig. proceeding).

"Once general jurisdiction has expired, and absent direction from a higher court, a trial court can act only if, and to the extent, it is authorized to do so by a specific statutory source." *Skinner v. State*, 305 S.W.3d 593, 594 (Tex. Crim. App. 2010). Feist failed to identify the specific statutory source that gives the trial court the authority to implement the actions that Feist claims the trial court has a ministerial duty to perform.

Furthermore, Feist provided no supporting documentation to show that he asked the trial court to perform specific ministerial acts that the trial court refused to do. Feist neither directs this Court to a new motion that Feist has properly filed in Trial Cause Number 39295, nor does he explain why the trial court has a ministerial duty to appoint counsel and create records relating to Feist's previous convictions. We deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on April 16, 2024
Opinion Delivered April 17, 2024
Do Not Publish

Before Horton, Johnson and Wright, JJ.