In The

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

NO. 09-24-00214-CR
_____

IN RE WILLIAM CURTIS JONES

_____

**Original Proceeding**
**252nd District Court of Jefferson County, Texas**
**Trial Cause No. 15-27212**
_____

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, William Curtis Jones complains that the trial court has not ruled on "fifteen-plus motions to set aside the judgment of conviction[.]" We deny mandamus relief.

Jones claims he recently filed an application for a writ of habeas corpus that is an active proceeding before the Court of Criminal Appeals. He complains that his "request for access to the State's Discovery Files remains unfulfilled[.]" Jones asks this Court to compel the trial court to "issue a ruling on the numerous motions that have been filed with the court." As alternative relief, he asks this Court to order the trial court to "enforce the production" by the Jefferson County District Attorney's

1

Office of a criminal complaint affidavit that was "instrumental" in obtaining the indictments on which he was convicted and sentenced to ten years in prison. *See generally Jones v. State*, No. 09-18-00071-CR, 2019 WL 3308958 (Tex. App.—Beaumont July 24, 2019, pet. ref'd) (mem. op., not designated for publication).

Jones has failed to demonstrate that the trial court has a ministerial duty to rule on his motions at this time, nor has he shown that he lacks an adequate remedy at law through his active post-conviction habeas corpus proceeding. *See In re McAfee*, 53 S.W.3d 715, 718 (Tex. App.—Houston [1st Dist.] 2001, orig. proceeding) ("[T]he courts of appeals have no authority to issue writs of mandamus in criminal law matters pertaining to proceedings under [Texas Code of Criminal Procedure article 11.07]."). To the extent that Jones may be seeking relief unrelated to his post-conviction habeas corpus proceeding, Jones has failed to show that the trial court has a legal duty to rule on his motion. *See Skinner v. State*, 305 S.W.3d 593, 594 (Tex. Crim. App. 2010) ("Once general jurisdiction has expired, and absent direction from a higher court, a trial court can act only if, and to the extent, it is authorized to do so by a specific statutory source.").

To obtain mandamus relief, the relator must show that he seeks to compel a ministerial act involving no discretion, and he has no adequate remedy at law. *In re State ex rel. Best*, 616 S.W.3d 594, 599 (Tex. Crim. App. 2021) (orig. proceeding).

Jones failed to show that he is entitled to mandamus relief. Accordingly, we deny

the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on June 25, 2024
Opinion Delivered June 26, 2024
Do Not Publish

Before Golemon, C.J., Horton and Johnson, JJ.