**In The**

*Court of Appeals*

*Ninth District of Texas at Beaumont*

_____

**NO. 09-24-00334-CR**
_____

**IN RE TIMOTHY LEWIS**

================================================================

**Original Proceeding**
**Criminal District Court of Jefferson County, Texas**
**Trial Cause No. 19-33025**

================================================================

**MEMORANDUM OPINION**

In a petition for a writ of mandamus, Timothy Lewis complains that the trial court has failed to rule on Lewis's motion to require his trial counsel to produce the client file and the reporter's record from Lewis's trial. Lewis admits his conviction in Trial Cause Number 19-33025 was affirmed on appeal in 2021.

To obtain mandamus relief in a criminal case, the relator must show that 1) he has no adequate remedy at law, and 2) what he seeks to compel is ministerial, involving no discretion. *In re State ex rel. Best*, 616 S.W.3d 594, 599 (Tex. Crim. App. 2021) (orig. proceeding). To prevail in a mandamus proceeding that seeks to compel a trial court to rule on a motion, a relator must show that the trial court (1)

1

had a legal duty to rule on the motion, (2) was asked to rule on the motion, and (3) failed or refused to rule on the motion within a reasonable time. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). But generally, "[o]nce general jurisdiction has expired, and absent direction from a higher court, a trial court can act only if, and to the extent, it is authorized to do so by a specific statutory source." *Skinner v. State*, 305 S.W.3d 593, 594 (Tex. Crim. App. 2010).

Lewis failed to produce a mandamus record that shows he filed a motion with the trial court and asked the trial court to rule on the motion.[1] *See* Tex. R. App. P. 52.7. Assuming for the sake of argument that Lewis filed a motion with the trial court to require his former attorney to produce the client file and a copy of the record in Trial Cause Number 19-33025, Lewis has failed to establish that he has an active case before the Criminal District Court. Lewis has not shown that he properly filed a motion in an active case before the trial court, such that the trial court had a ministerial duty to rule on Lewis's motion. We deny the petition for writ of mandamus.

---

[1] Lewis failed to identify the Real Party in Interest and certify that he served a copy of the petition on the Respondent and the Real Party in Interest. *See* Tex. R. App. P. 9.5. We use Rule 2, however, to look beyond these deficiencies to reach an expeditious result. *See* Tex. R. App. P. 2.

PETITION DENIED.

PER CURIAM

Submitted on October 22, 2024
Opinion Delivered October 23, 2024
Do Not Publish

Before Johnson, Wright and Chambers, JJ.

3