

# IN THE
# TENTH COURT OF APPEALS

## No. 10-24-00102-CR

## IN RE MITCHELL DEAN COCHRAN

## Original Proceeding

### From the 54th District Court
### McLennan County, Texas
### Trial Court No. 2012-20-C2

## MEMORANDUM OPINION

On September 12, 2024, we issued an opinion and judgment in this cause. We grant the motion for rehearing filed by Relator, Mitchell Dean Cochran. We withdraw our opinion and judgment dated September 12, 2024, and substitute this opinion and its associated judgment in their place.[1]

---

[1] We originally denied Relator's petition for writ of mandamus due, in part, to his failure to provide an adequate record for our review. *See* TEX. R. APP. P. 52.3(k), 52.7. In his motion for rehearing, Relator explained that he became aware that the appendix section of his original petition "was in complete disarray" after our opinion was issued. With his motion for rehearing, Relator provided an updated appendix that included some of the missing relevant documentation.

## Background

This Court affirmed Relator's convictions and sentences in trial court cause number 2012-20-C2 on April 16, 2015. *See Cochran v. State*, No. 10-14-00013-CR, 2015 Tex. App. LEXIS 3860, at *1-7 (Tex. App.—Waco Apr. 16, 2015, pet. ref'd) (mem. op., not designated for publication). Our mandate issued on February 16, 2016. *See id.* On August 15, 2023, Relator filed his "Motion to Compel Production and Delivery of the Attorney-Client File with Incorporated Motion Upon the State of Texas to Show Cause with Additional Orders for Production and In Camera Reviews" and "Motion for Appointment of Counsel" into cause number 2012-20-C2.[2] The Honorable Judge Susan Kelly, District Judge of the 54th Judicial District Court of McLennan County, denied both motions on December 6, 2023.[3] Relator subsequently filed a motion for new trial on the Client File Motion and Motion for Appointment of Counsel, along with a motion to recuse Judge Kelly from presiding over his motion for new trial. The recusal motion was referred to the Honorable Judge Dib Waldrip, Presiding Judge of the Third Administrative Judicial Region of Texas. Judge Waldrip denied the recusal motion without a hearing. *See* TEX. R. CIV. P. 18a(g)(3)(A).

---

[2] For ease of reference, we will refer to Relator's "Motion to Compel Production and Delivery of the Attorney-Client File with Incorporated Motion Upon the State of Texas to Show Cause with Additional Orders for Production and In Camera Reviews" as his "Client File Motion."

[3] We will refer to Judge Kelly's order denying Relator's Client File Motion as the "Client File Order" and Judge Kelly's order denying Relator's "Motion for Appointment of Counsel" as the "Appointment Order."

Relator, proceeding pro se, filed a petition for writ of mandamus in this Court on April 10, 2024. *See* TEX. GOV'T CODE ANN. § 22.221; TEX. R. APP. P. 52. In his petition, Relator asks this Court to compel Judge Kelly to vacate the Client File Order and the Appointment Order, arguing that because the Court of Criminal Appeals has clearly established that "[t]he client's file belongs to the client," Judge Kelly had a ministerial duty to grant his motions. *See In re McCann*, 422 S.W.3d 701, 704 (Tex. Crim. App. 2013). Relator also asks us to reverse Judge Waldrip's order denying his motion to recuse Judge Kelly from presiding over his motion for new trial.

## Mandamus Standard

To obtain mandamus relief in a criminal case, a relator must demonstrate that (1) he has no other adequate remedy at law, and (2) the act sought to be compelled is ministerial. *In re State ex rel. Weeks*, 391 S.W.3d 117, 122 (Tex. Crim. App. 2013). An act is ministerial if the relator can show a "'clear right to the relief sought,' meaning that the merits of the relief sought are 'beyond dispute.'" *McCann*, 422 S.W.3d at 704. It is Relator's burden to provide a record that supports granting mandamus relief. *See* TEX. R. APP. P. 52.7.

## Judge Kelly's Orders

With regard to the Client File Order and the Appointment Order, we agree that the orders are void, albeit for a different reason than that advanced by Relator.

A trial court's plenary jurisdiction expires "when a case becomes final or is taken to a higher court." *State v. Patrick*, 86 S.W.3d 592, 596 (Tex. Crim. App. 2002) (plurality op.); *see also Skinner v. State,* 305 S.W.3d 593, 594 (Tex. Crim. App. 2010). When a conviction has been affirmed on appeal and the mandate has issued, general jurisdiction is not restored in the trial court. *Staley v. State*, 420 S.W.3d 785, 795 (Tex. Crim. App. 2013). "Once general jurisdiction has expired, and absent direction from a higher court, a trial court can act only if, and to the extent, it is authorized to do so by a specific statutory source." *Skinner*, 305 S.W.3d at 594.

Here, Relator did not file his Client File Motion and Motion for Appointment of Counsel into trial court cause number 2012-20-C2 until several years after the trial court's general jurisdiction over the case expired. Further, the mandamus record does not demonstrate the existence of any currently pending matter that would vest jurisdiction in the trial court to consider Relator's motions in cause number 2012-20-C2. *See Patrick*, 86 S.W.3d at 595. Therefore, on the record before us, the trial court did not have jurisdiction to rule on Relator's motions filed in cause number 2012-20-C2.

Mandamus relief is proper when a trial court has issued an order beyond its jurisdiction. *State ex rel. Cobb v. Godfrey*, 739 S.W.2d 47, 49 (Tex. Crim. App. 1987). "If a trial judge lacks authority or jurisdiction to take a particular action, the judge has a ministerial duty to refrain from taking that action, to reject or overrule requests that he take such action, and to undo the action if he has already taken it." *In re Ford*, 553 S.W.3d

728, 732 (Tex. App.—Waco 2018, orig. proceeding); *see also State ex rel. Thomas v. Banner*, 724 S.W.2d 81, 83 (Tex. Crim. App. 1987) (a trial court has a ministerial duty to vacate an order entered without authority). By issuing the Client File Order and the Appointment Order when the trial court had neither general jurisdiction nor a pleading before the court invoking a legitimate source of special or limited jurisdiction, the Honorable Judge Kelly violated a ministerial duty. *See State ex rel. Ogg*, 692 S.W.3d 481, 485-86 (Tex. Crim. App. 2024). "[Respondent] therefore has a ministerial duty to 'undo' that violation." *Id*.

Accordingly, we conditionally grant the writ of mandamus as to Respondent, the Honorable Judge Kelly, and direct Judge Kelly to withdraw the Client File Order and the Appointment Order signed on December 6, 2023.

### Judge Waldrip's Denial of the Motion to Recuse Judge Kelly

In his petition, Relator asks this Court to reverse Judge Waldrip's order denying Relator's recusal motion.[4]

The rules of civil procedure concerning recusal of judges apply in criminal cases. *See De Leon v. Aguilar*, 127 S.W.3d 1, 5 (Tex. Crim. App. 2004) (orig. proceeding).

---

[4] Relator's motion was titled "Movant Cochran's Motion to Disqualify and/or Recuse State District Judge Susan Kelly From Presiding Over His Motion for New Trial/Rehearing of Void Final Order(s) Signed December 06, 2023 -Filed December 08, 2023, Attachments – 1 and 2." Although Relator refers to his motion as a "motion to disqualify and/or recuse," he alleged only grounds for recusal within the motion. *See* TEX. R. CIV. P. 18b(b)(1) (the judge's impartiality might reasonably be questioned), 18b(b)(2) (the judge has a personal bias or prejudice concerning the subject matter or a party). Relator did not allege grounds for disqualification under Rule 18b(a). *See id*. at R. 18b(a). Thus, Relator's reliance on Rule 18a(j)(2), permitting mandamus review of a denial of a motion to disqualify, is misplaced. *See id*. at 18a(j)(2).

However, a trial judge must have a case pending in her court before a party may properly move to have that judge recused. TEX. R. CIV. P. 18a(a); *In re Dunn*, No. 07-17-00084-CV, 2017 Tex. App. LEXIS 3127, 2017 WL 1365696, at *2-3 (Tex. App.—Amarillo Apr. 10, 2017, orig. proceeding) (mem. op.). Here, as noted above, the record before us does not indicate that Relator's recusal motion was timely filed in a pending case.[5] Therefore, Relator could not properly seek to recuse Judge Kelly, and Judge Waldrip did not abuse his discretion in denying Relator's recusal motion. *See id; In re Altschul*, No. 10-24-00208-CR, 2024 Tex. App. LEXIS 9105, 2024 WL 5252057, at *2-3 (Tex. App.—Waco Dec. 30, 2024) (mem. op. on reh'g) (denying mandamus relief where recusal motion was filed into the underlying criminal case several years after trial court's plenary jurisdiction expired).

Accordingly, we deny Relator's petition for writ of mandamus as to Judge Waldrip's order denying Relator's recusal motion.

## Conclusion

We deny the petition for writ of mandamus, in part, as to Relator's claims against the Honorable Judge Waldrip's denial of his motion to recuse Judge Kelly. We conditionally grant the writ of mandamus, in part, and direct the Honorable Judge Kelly to withdraw the Client File Order and the Appointment Order in cause number 2012-20-

---

[5] Judge Waldrip provided findings of fact and conclusions of law supporting his decision to deny Relator's recusal motion. Among other deficiencies, Judge Waldrip concluded that Relator's motion was untimely filed. *See* TEX. R. CIV. P. 18a(b)(1).

C2 signed on December 6, 2023. We trust that Judge Kelly will promptly take this action, and the writ will issue only if the trial court fails to comply with the relief ordered within fourteen days of the date of this opinion.

STEVE SMITH
Justice

Before Justice Smith
    Justice Harris[6], and
    Justice Davis[7]
Petition denied in part, granted in part
Opinion delivered and filed March 13, 2025
Do not publish
[OT06]



---

[6] The Honorable Tom Gray, former Chief Justice of this Court, participated as a member of the panel in our original opinion. He retired on December 31, 2024, and he does not participate in the decision on this motion for rehearing.

[7] The Honorable Rex Davis, Senior Justice (Retired) of the Tenth Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court. *See* TEX. GOV'T CODE ANN. §§ 74.003, 75.002, 75.003.