In The

## *Court of Appeals*

## *Ninth District of Texas at Beaumont*

_____

## NO. 09-25-00300-CR
_____

## IN RE EDWARD CHARLES HOLLAND

**Original Proceeding**
**Criminal District Court of Jefferson County, Texas**
**Trial Cause Nos. 91161 and 91160**

## MEMORANDUM OPINION

In a petition for a writ of mandamus, Edward Charles Holland complains that

the trial court has not ruled on a motion for production of records from a case that

ended in a mistrial in 2004.[1] Holland states he was eventually acquitted in Trial

Cause Number 91160. Holland states he was sentenced in Trial Cause Number

91161 on June 28, 2004, that the trial in Trial Cause Number 91160 occurred four

---

[1]Holland failed to include information required by Rule 52.3, and he failed to certify that he served a copy of the petition and mandamus record on the Respondent and the counsel of record for the Real Party in Interest in Trial Cause Numbers 91160 and 91161. *See* Tex. R. App. P. 9.5; 52.3. We use Rule 2, however, to look beyond these deficiencies to reach an expeditious result. *See id*. 2.

days later, and a witness who testified in both trials contradicted his testimony from the first trial. Holland is seeking a reporter's record in Trial Cause Number 91160 so that he may prepare an application for a writ of habeas corpus relating to his conviction in Trial Cause Number 91161. Holland included in his mandamus appendix unstamped copies of a motion Holland says he filed in Trial Cause Numbers 91160 and 91161 and a letter that Holland says he mailed to the trial court in July 2025.

To obtain mandamus relief in a criminal case, the relator must show that 1) he has no adequate remedy at law, and 2) what he seeks to compel is ministerial, involving no discretion. *In re State ex rel. Best*, 616 S.W.3d 594, 599 (Tex. Crim. App. 2021) (orig. proceeding). To prevail in a mandamus proceeding that seeks to compel a trial court to rule on a motion, a relator must show that the trial court (1) had a legal duty to rule on the motion, (2) was asked to rule on the motion, and (3) failed or refused to rule on the motion within a reasonable time. *In re Henry*, 525 S.W.3d 381, 382 (Tex. App.—Houston [14th Dist.] 2017, orig. proceeding). But generally, "[o]nce general jurisdiction has expired, and absent direction from a higher court, a trial court can act only if, and to the extent, it is authorized to do so by a specific statutory source." *Skinner v. State*, 305 S.W.3d 593, 594 (Tex. Crim. App. 2010) (citation omitted). Holland failed to show he is entitled to mandamus

2

relief. Accordingly, we deny the petition for a writ of mandamus. *See* Tex. R. App. P. 52.8(a).

PETITION DENIED.

PER CURIAM

Submitted on August 26, 2025
Opinion Delivered August 27, 2025
Do Not Publish

Before Golemon, C.J., Wright and Chambers, JJ.