Michael BOHANNAN, Appellant,

v.

The STATE of Texas, State.

No. 02–11–00105–CR.

Court of Appeals of Texas,
Fort Worth.

May 26, 2011.

Rehearing Overruled Aug. 4, 2011.

Discretionary Review Refused
Jan. 11, 2012.

Michael Bohannan, Conroe, TX, pro se.

Joe Shannon, Jr., Criminal District Attorney, Charles M. Mallin, Assistant Criminal District Attorney, Chief of the Appellate Section, Fort Worth, TX, for State.

PANEL: LIVINGSTON, C.J.; DAUPHINOT and GABRIEL, JJ.

### OPINION

LEE GABRIEL, Justice.

Appellant Michael Bohannan seeks to appeal the trial court's dismissal of charges filed against him. On March 30, 2011, we notified Appellant and his counsel that it appears we lack jurisdiction over this matter because an order dismissing charges is not an appealable order, and we advised that this appeal could be dismissed unless he, or any party desiring to continue the appeal, filed a response showing grounds for continuing the appeal on or before April 11, 2011. On April 5, 2011, we granted Appellant's counsel's motion to withdraw and informed Appellant of his right to proceed pro se. Appellant timely

filed a pro se response to our March 30, 2011 letter. We have considered Appellant's response. It does not cite any authority granting us jurisdiction over this appeal.

The rules of appellate procedure provide that a criminal defendant has the right to appeal a judgment of guilt or other appealable order. *See* Tex.R.App. P. 25.2(a)(2). Although the State is expressly permitted by statute to appeal an order dismissing an indictment, this right of appeal has not been extended to the defendant by statute or rule. Consequently, an order dismissing a charging instrument is not an appealable order for purposes of rule 25.2(a)(2) if a defendant brings the appeal. *See Petty v. State*, 800 S.W.2d 582, 583–84 (Tex.App.-Tyler 1990, no pet.) (applying federal law holding that a dismissal of an indictment is not an appealable order and review of a dismissal order must await the outcome of a trial). Accordingly, we dismiss this appeal for want of jurisdiction. *See* Tex. R.App. P. 43.2(f); *Skinner v. State*, 305 S.W.3d 593, 594 (Tex.Crim.App.2010).