**Dismiss in part; Affirm in part; Opinion Filed July 3, 2013.**



In The

**Court of Appeals**

**Fifth District of Texas at Dallas**

### Nos. 05-12-00583-CR,

### 05-12-00584-CR, 05-12-00585-CR

### DANIEL JULIAN LONDALE DEWITT, Appellant
### V.
### THE STATE OF TEXAS, Appellee

### On Appeal from the 401st Judicial District Court
### Collin County, Texas
### Trial Court Cause Nos. 401-82426-10, 401-82490-10, & 401-82491-10

## MEMORANDUM OPINION
Before Justices Moseley, Lang-Miers, and Evans
Opinion by Justice Evans

Daniel Julian Londale DeWitt was indicted for theft, aggravated assault with a deadly weapon, and assault by strangulation. At trial, appellant pleaded guilty to the two assault charges, and the trial court considered the theft offense pursuant to article 12.45 of the code of criminal procedure. Appellant now complains on appeal that the State is barred from trying him for the theft offense in the future and the trial court erred in failing to inquire into his competency. We dismiss the theft appeal and affirm appellant's two assault convictions. The background of the case and the evidence adduced at trial are well known to the parties, and therefore we limit recitation of the facts. We issue this memorandum opinion pursuant to Texas Rule of Appellate Procedure 47.4 because the law to be applied in the case is well settled.

In his sole point of error in the theft case, cause number 05-12-00583-CR, appellant states that "a penal code [sic] 12.45 dismissal bars future prosecution for the theft offense." After the trial court considered the theft offense during the punishment phase of appellant's trial for the two assault offenses, it granted the State's motion to dismiss prosecution of the theft case. There is no appealable judgment or order in cause number 05-12-00583-CR. We therefore dismiss the theft case for want of jurisdiction. *See* TEX. R. APP. P.25.2(a)(2); *Bohannan v. State*, 352 S.W.3d 47, 48 (Tex. App.—Fort Worth 2011, pet. ref'd).

In both of the assault cases, appellant complains that the trial court erred by failing to conduct an informal inquiry into his competency sua sponte. He specifically argues that his previous mental health issues combined with his expressed difficulties communicating with his appointed attorney demonstrated the need for a competency inquiry.

A person is incompetent to stand trial if he does not have sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding or a rational as well as factual understanding of the proceedings against him. *See* TEX. CODE CRIM. PROC. art. 46B.003(a) (West 2006). A judge must inquire into a defendant's mental competence if the issue is sufficiently raised. *See McDaniel v. State,* 98 S.W.3d 704, 709 (Tex. Crim. App. 2003). The initial inquiry is informal and is required when evidence suggesting incompetency comes to the trial court's attention. *See* TEX. CODE CRIM. PROC. ANN. art. 46B.004(b),(c) (West Supp. 2012); *Jackson v. State,* 391 S.W.3d 139, 141 (Tex. App.—Texarkana 2012, no pet.). We review a trial court's decision not to conduct an informal competency inquiry for an abuse of discretion. *Id.* at 426.

The evidence in appellant's cases did not suggest he was incompetent to stand trial. The clerk's records show that the trial court ordered a psychiatric evaluation shortly after the cases were filed, but the records do not reveal the results of any evaluation. Evidence presented

showed that, years before the instant offenses, appellant had spent time in the psych ward while serving in the Army. He had been diagnosed with post-traumatic stress disorder and bipolar disorder in the Army, but he stopped taking his medication. Later, he was admitted to a mental hospital because he had cut himself with a knife. Appellant receives disability payments for PTSD each month.

Appellant's former wife, the complainant in the two assault cases, testified that appellant faked the symptoms of PTSD in order to obtain a PTSD diagnosis that prevented him from deploying to Afghanistan. About one year before the assaults, appellant tried to re-enlist in the military and underwent a psychiatric evaluation. Records from that evaluation show that appellant did not appear to have any "significant mood or other active psychiatric issues at this time." Nothing in the records before us shows appellant behaved strangely during the trial proceedings or with his lawyer.

Appellant acknowledges in his briefs that his actions were "unlikely to be considered truly bizarre." He contends nevertheless that the records show he was unable to communicate with his lawyer due to a "communication lapse." Appellant sent hand-written complaints to the court about his difficulties in getting his lawyer to meet with him, filed his own well-written motions, filed motions to proceed pro se that he later withdrew, and at one point filed a grievance against his lawyer with the Texas State Bar. At trial, however, appellant made clear that he was completely satisfied with his representation and was aware that his grievance action might be dismissed. He also expressed his understanding of the proceedings and of his lawyer's advice.

As the State notes in its briefs, a failure to consult with counsel does not demonstrate a lack of competence; instead, a defendant must be *unable* to consult with counsel. Appellant's communications with the court show that he understood the proceedings against him and was sometimes frustrated with his lawyer, but not unable to communicate with the lawyer due to

deficiencies in his mental abilities. The trial court did not abuse its discretion in failing to conduct an informal inquiry on appellant's competence. We overrule appellant's sole point of error in cause numbers 05-12-00584-CR and 05-12-00585-CR.

We dismiss cause number 05-12-00583-CR for lack of jurisdiction and affirm the trial court's judgments in cause numbers 05-12-00584-CR and 05-12-00585-CR.


/David Evans/
DAVID EVANS
JUSTICE


Do Not Publish
TEX. R. APP. P. 47
120583F.U05

–4–



## Court of Appeals
## Fifth District of Texas at Dallas

# JUDGMENT

DANIEL JULIAN LONDALE DEWITT, Appellant

No. 05-12-00583-CR        V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District Court, Collin County, Texas
Trial Court Cause No. 401-82426-10.
Opinion delivered by Justice Evans.
Justices Moseley and Lang-Miers participating.

Based on the Court's opinion of this date, we **DISMISS** the appeal for want of jurisdiction.

Judgment entered this 3rd day of July, 2013.

/David Evans/
DAVID EVANS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DANIEL JULIAN LONDALE DEWITT,
Appellant

No. 05-12-00584-CR     V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District
Court, Collin County, Texas
Trial Court Cause No. 401-82490-10.
Opinion delivered by Justice Evans.
Justices Moseley and Lang-Miers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 3rd day of July, 2013.

/David Evans/
DAVID EVANS
JUSTICE



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DANIEL JULIAN LONDALE DEWITT,
Appellant

No. 05-12-00585-CR      V.

THE STATE OF TEXAS, Appellee

On Appeal from the 401st Judicial District
Court, Collin County, Texas
Trial Court Cause No. 401-82491-10.
Opinion delivered by Justice Evans.
Justices Moseley and Lang-Miers
participating.

Based on the Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

Judgment entered this 3rd day of July, 2013.

/David Evans/
DAVID EVANS
JUSTICE