

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-16-00033-CR

PHILLIP J. EMERSON, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 402nd District Court
Wood County, Texas
Trial Court No. 1374 M-T

Before Morriss, C.J., Moseley and Burgess, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

On May 28, 2015, Phillip J. Emerson, Jr., was convicted of the offense of criminal mischief under $50.00 and was assessed a fine of $500.00 in the Wood County Justice Court, Precinct 3, under trial court cause number CR15-012-3. On June 5, 2015, Emerson appealed his judgment of conviction to the County Court of Wood County. Because the judge of the County Court of Wood County recused, the case was transferred to the 402nd Judicial District Court of Wood County, where it was assigned cause number 1374M-T.

On February 17, 2016, the State filed a motion to dismiss the criminal action pending under cause number 1374M-T in the 402nd Judicial District Court.[1] In response to that motion, the trial court entered an order on February 17, 2016, dismissing the criminal charges against Emerson without prejudice. On March 18, 2016, Emerson timely filed his notice of appeal from the February 17 dismissal order.

As a general rule, the Texas Legislature has only authorized appeals by criminal defendants from written judgments of conviction. *See Gutierrez v. State*, 307 S.W.3d 318, 321 (Tex. Crim. App. 2010); *Ex parte Shumake*, 953 S.W.2d 842, 844 (Tex. App.—Austin 1997, no pet.). There are a few very limited exceptions to this general rule, *see Wright v. State*, 969 S.W.2d 588, 589 (Tex. App.—Dallas 1998, no pet.), but in the absence of an appealable judgment or order, we are without jurisdiction to hear an appeal. The trial court's February 17 order dismissing the State's criminal action against Emerson is not an order from which the Texas Legislature has authorized

---

[1]The appeal from a conviction obtained in justice court results in a trial de novo. *See* TEX. CODE CRIM. PROC. ANN. art. 44.17 (West 2006).

an appeal. *See Bohannan v. State*, 352 S.W.3d 47, 48 (Tex. App.—Fort Worth 2011, pet. ref'd) (recognizing that, although the State is expressly permitted by statute to appeal order dismissing indictment, such right has not been extended to defendant by statute or rule); *Petty v. State*, 800 S.W.2d 582, 583–84 (Tex. App.—Tyler 1990, no pet.) (applying federal law holding that dismissal of indictment is not appealable order and that review of dismissal order must await outcome of trial); *Jeanmarie v. State*, No. 08-06-00192-CR, 2006 WL 2570852, at *1 (Tex. App.—El Paso Sept. 7, 2006, no pet.) (mem. op.) (citing to *Petty* in concluding that "order dismissing an indictment or information is not an appealable order for purposes of Rule 25.2(a)(2)").

By letter dated May 11, 2016, we notified Emerson of this potential defect in our jurisdiction and afforded him the opportunity to respond. Emerson filed a response in which he relies on *Smith v. State*, 70 S.W.3d 848 (Tex. Crim. App. 2002) (trial court must consent to dismissal of criminal prosecution). Nothing in the *Smith* opinion points to any legislative enactment that would render the dismissal order in this case appealable. Emerson further relies on *Galitz v. State*, 617 S.W.2d 949, 951 (Tex. Crim. App. 1981) (acknowledging that right of appeal from criminal conviction is determined solely by legislative authorization). Emerson attempts to distinguish *Galitz* by arguing that it involved the appeal of a criminal conviction, while "there exists no criminal conviction in the record of this case." While this is a valid distinction, it is not one which helps Emerson. Because Emerson is not appealing a judgment of conviction, he must present this Court with an appealable order to invoke our jurisdiction. This he has failed to do. There is no legislative authority which authorizes his attempted appeal from the trial court's order dismissing the criminal case against him.

Because the trial court's order dismissing the criminal action against Emerson is not an appealable order, we lack jurisdiction to hear this appeal.

Consequently, we dismiss the appeal for want of jurisdiction.

Ralph K. Burgess
Justice

Date Submitted:     June 9, 2016
Date Decided:      June 10, 2016

Do Not Publish

4