**DISMISSED and Opinion Filed December 30, 2022**



**In The**
**Court of Appeals**
**Fifth District of Texas at Dallas**

**No. 05-22-01007-CR**

**YAT HO WONG, Appellant**
**V.**
**THE STATE OF TEXAS, Appellee**

**On Appeal from the County Court at Law No. 6**
**Collin County, Texas**
**Trial Court Cause No. 006-82725-2020**

## MEMORANDUM OPINION

Before Justices Pedersen, III, Goldstein, and Smith
Opinion by Justice Pedersen, III

Before the Court is appellant Yat Ho Wong's October 12, 2022 motion to dismiss this appeal. We deny appellant's motion and dismiss the appeal on other grounds.

On September 23, 2022, appellant filed a pro se notice of appeal giving notice of his intent "to appeal the conviction dated the 15th day of September, 2022." The notice of appeal lists three cases. Two of the three cases referenced, cause nos. 05-22-01005-CR and 05-22-01006-CR, arise from the 219th Judicial District Court. The case currently before the Court, cause no. 05-22-01007-CR, arises from Collin

County Court at Law No. 6. The Court has dismissed the appeal in cause no. 05-22-01005-CR. *See Wong v. State*, No. 05-22-01005-CR, 2022 WL 17175012, at *2 (Tex. App.—Dallas Nov. 23, 2022, no pet.) (mem. op., not designated for publication).

In the motion to dismiss pending before this Court, appellant's counsel relates that he was appointed to represent appellant after appellant filed his pro se notice of appeal. Counsel states appellant was convicted in cause no. 05-22-01006-CR on September 15, 2022 and he will continue to appeal that cause. Counsel states the trial court dismissed cause no. 05-22-01007-CR by order entered on February 9, 2022, and appellant will not be appealing the order of dismissal. Both counsel and appellant signed the motion to dismiss. *See* Tex. R. App. P. 42.2(a) (requiring both appellant and counsel to sign motion to dismiss appeal). Appellant, however, included beside his signature the words "under duress."

In the absence of evidence shedding light on the voluntariness of appellant's signature, we conclude we cannot grant a voluntary dismissal when the appellant signs the motion to dismiss with a notation that he signed under duress. *See id.*; *Connors v. State*, 966 S.W.2d 108, 110 (Tex. App.—Houston [1st Dist.] 1998, pet. ref'd) (explaining apparent purpose of rule 42.2(a) signature requirement to protect defendant from having appeal dismissed by counsel without defendant's consent and to provide counsel with notice so counsel can advise defendant about dismissal). Accordingly, we deny the motion to dismiss.

Although we cannot grant appellant's motion to dismiss, we conclude dismissal is proper. The Court did not receive any documents from the trial court clerk regarding cause no. 05-22-01007-CR. However, a review of the trial court's online docket sheet and records, publicly available via Collin County's official website, shows, as counsel has represented, that the trial court dismissed cause no. 05-22-01007-CR on February 9, 2022. *See In re Johnson*, 599 S.W.3d 311, 311 & n.1 (Tex. App.—Dallas 2020, orig. proceeding) (appellate court may take judicial notice of publicly-available online court records in determining its jurisdiction). Thus, there is no September 15, 2022 conviction to appeal in this case.

Furthermore, appellant may not appeal the February 9, 2022 dismissal order. A defendant may appeal only from judgments and appealable orders. *See* TEX. CODE CRIM. PROC. ANN. art. 44.02; TEX. R. APP. P. 25.2(a)(2). A dismissal order is not an appealable order. *See Bohannon v. State*, 352 S.W.3d 47, 48 (Tex. App.—Fort Worth 2011, pet. ref'd) (order dismissing charging instrument is not appealable order for defendant under rule 25.2(a)(2)); *Petty v. State*, 800 S.W.2d 582, 583–84 (Tex. App.—Tyler 1990, no pet.) (per curiam) (dismissal of indictment is not appealable order).

Moreover, even if appellant could appeal the dismissal order, his notice of appeal would be untimely. A defendant perfects an appeal by filing with the trial court clerk, within thirty days after the date sentence was imposed or the trial court enters an appealable order, or within ninety days after sentencing if the defendant

–3–

timely filed a motion for new trial, a written notice of appeal showing his desire to appeal. *See* Tex. R. App. P. 25.2(b–c), 26.2(a). A timely filed notice of appeal is required to invoke this Court's jurisdiction. *Castillo v. State*, 369 S.W.3d 196, 198 (Tex. Crim. App. 2012). In the absence of a timely filed notice of appeal, we must dismiss the appeal for want of jurisdiction. *Id.*

Appellant's notice of appeal, filed September 23, 2022, is untimely and would not trigger this Court's jurisdiction to review an order signed on February 9, 2022. *See* TEX. R. APP. P. 26.2(a).

Because there is no September 15, 2022 conviction to appeal in this case, the trial court's order dismissing this case is not an appealable order, and the notice of appeal is untimely even if the dismissal order was appealable, we dismiss cause no. 05-22-01007-CR for want of jurisdiction.

|  | /Bill Pedersen, III// |
|  | BILL PEDERSEN, III |
| 221007f.u05 | JUSTICE |
| Do Not Publish | |
| TEX. R. APP. P. 47.2(b) | |



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

YAT HO WONG, Appellant

No. 05-22-01007-CR    V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law No. 6, Collin County, Texas Trial Court Cause No. 006-82725-2020.
Opinion delivered by Justice Pedersen, III. Justices Goldstein and Smith participating.

Based on the Court's opinion of this date, the appeal is **DISMISSED** for want of jurisdiction.

Judgment entered this 30th day of December, 2022.