

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-23-00962-CR

Melvin Leon **OWENS**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 187th Judicial District Court, Bexar County, Texas
Trial Court No. 2019CR9385
Honorable Stephanie R. Boyd, Judge Presiding

PER CURIAM

Sitting:     Patricia O. Alvarez, Justice
              Luz Elena D. Chapa, Justice
              Lori I. Valenzuela, Justice

Delivered and Filed: November 22, 2023

DISMISSED FOR LACK OF JURISDICTION

On October 16, 2023, appellant Melvin Leon Owens filed a notice of appeal attempting to appeal the trial court's order dismissing his underlying criminal case. Owens's notice states the dismissal was part of a plea bargain in which he agreed to a lifetime protective order in exchange for the State seeking to dismiss his criminal case. However, a plea bargain is not in the record filed in this court. Additionally, Owens's notice affirms that the punishment assessed by the trial court did not exceed the punishment recommended by the prosecutor and agreed to by Owens.

"[I]n Texas, appeals by either the State or the defendant in a criminal case are permitted only when they are specifically authorized by statute." *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011). Under Texas law, a criminal defendant is permitted to appeal only judgments of conviction and other designated appealable orders. TEX. CODE CRIM. PROC. ANN. art. 44.02; TEX. R. APP. P. 25.2(a)(2). A defendant may not appeal a trial court's order dismissing the charge filed against him. *See Bohannan v. State*, 352 S.W.3d 47, 48 (Tex. App.—Fort Worth 2011, pet. ref'd) (dismissing for lack of jurisdiction a defendant's appeal from an order dismissing criminal charges against him); *Petty v. State*, 800 S.W.2d 582, 583-84 (Tex. App.—Tyler 1990, no pet.) (same).

We ordered Owens to show cause why this appeal should not be dismissed for lack of jurisdiction. Owens's court-appointed counsel filed a response agreeing that this court has no jurisdiction over Owens's appeal. Accordingly, this appeal is dismissed for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH