

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

_____

No. 02-25-00127-CR
No. 02-25-00128-CR
No. 02-25-00129-CR
No. 02-25-00130-CR

_____

MICHAEL CLIFFORD SINGLETON, Appellant

V.

THE STATE OF TEXAS

---

On Appeal from Criminal District Court No. 1
Tarrant County, Texas
Trial Court Nos. 1802966, 1803779, 1834910, 1855990

---

Before Sudderth, C.J.; Kerr and Birdwell, JJ.
Memorandum Opinion by Chief Justice Sudderth

**MEMORANDUM OPINION**

Appellant Michael Clifford Singleton entered into a series of plea bargains; the State dismissed one felony charge against him, and he pleaded guilty to three others. He now appeals all four dispositions—the one dismissal order and the three judgments of conviction. All four appeals are fatally flawed.

First, Singleton cannot appeal from a dismissal order. "[A]ppeals by . . . the defendant in a criminal case are permitted only when they are specifically authorized by statute." *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 915 (Tex. Crim. App. 2011) (orig. proceedings); *see Brantley v. State*, No. 02-19-00368-CR, 2019 WL 6767790, at *1 (Tex. App.—Fort Worth Dec. 12, 2019, no pet.) (per curiam) (mem. op., not designated for publication). And there is no statutory authorization for a defendant's appeal from a dismissal. *See Brantley*, 2019 WL 6767790, at *1 ("An order dismissing an indictment is not an order from which a defendant may appeal."); *Bohannan v. State*, 352 S.W.3d 47, 48 (Tex. App.—Fort Worth 2011, pet. ref'd) (similar).

As for his three judgments of conviction, although a plea-bargaining defendant has a limited statutory right to appeal such judgments, his right of appeal must be certified by the trial court. Tex. Code Crim. Proc. Ann. art. 44.02; Tex. R. App. P. 25.2(a)(2), (d). If "a certification that shows the defendant has the right of appeal has not been made part of the record," then we "must" dismiss the appeal. Tex. R. App. P. 25.2(d); *see Capko v. State*, No. 02-24-00145-CR, 2024 WL 2760500, at *1 (Tex. App.—Fort Worth May 30, 2024, no pet.) (mem. op., not designated for publication).

2

Here, for each of Singleton's three judgments of conviction, the trial court's certification reflects that it is a "plea-bargain case, and the defendant has NO right of appeal."[1] *See Capko*, 2024 WL 2760500, at *1 (noting similar certification in appeal from plea-bargain case).

Given these flaws in Singleton's appeals, we sent him letters warning that we could dismiss his appeals unless he showed grounds for continuing them. *See* Tex. R. App. P. 44.3. Singleton responded by asserting that, for each of his three convictions, he was coerced into pleading guilty and the trial court judge had a conflict of interest.[2] Neither allegation provides a ground for continuing the present appeals. *See Cooper v. State*, 45 S.W.3d 77, 82–83 (Tex. Crim. App. 2001) (holding that "Rule 25.2(b) does not permit the voluntariness of the plea to be raised on appeal" and noting that a defendant may raise such claims through other procedures, such as a habeas application); *Williams v. State*, No. 02-19-00211-CR, 2019 WL 3819507, at *1 (Tex. App.—Fort Worth Aug. 15, 2019, no pet.) (per curiam) (mem. op., not designated for publication) (dismissing plea-bargaining defendant's appeal based on trial court's certification despite defendant's contention that he signed documents under duress).

---

[1]Singleton signed each of the certifications, as did his trial counsel.

[2]Singleton's responses came in the form of original applications for writs of habeas corpus under Article 11.07 of the Code of Criminal Procedure. *See* Tex. Code Crim. Proc. Ann. art. 11.07. We forwarded copies of these applications to the trial court. *See id.* art. 11.07, § 3(b) (requiring habeas application to "be filed with the clerk of the court in which the conviction being challenged was obtained").

Accordingly, we dismiss Singleton's four appeals.  *See* Tex. R. App. P. 25.2(d), 43.2(f); *Capko*, 2024 WL 2760500, at *1 (dismissing plea-bargaining defendant's appeal); *Brantley*, 2019 WL 6767790, at *1 (dismissing defendant's appeal from dismissal order); *Williams*, 2019 WL 3819507, at *1 (dismissing plea-bargaining defendant's appeal despite involuntariness allegations).

/s/ Bonnie Sudderth

Bonnie Sudderth
Chief Justice

Do Not Publish
Tex. R. App. P. 47.2(b)

Delivered:  June 26, 2025