

# COURT OF APPEALS
# EIGHTH DISTRICT OF TEXAS
# EL PASO, TEXAS

---

## No. 08-25-00331-CR

---

Devoris Antoine Newson, Appellant

v.

The State of Texas, Appellee

---

On Appeal from the 346th District Court
El Paso County, Texas
Trial Court No. 20240D04878

---

## MEMORANDUM OPINION

Appellant, Devoris Antoine Newson, filed a pretrial application for writ of habeas corpus on November 7, 2025. Subsequently, Newson filed a notice of appeal stating that he was appealing "the trial court's verbal denial of [his] 17.151 Pretrial writ . . .." We dismiss this attempted appeal for want of jurisdiction.

In a habeas proceeding, "a trial court's oral pronouncement is not appealable until a written order is signed." *Ex parte Perez*, No. 14-13-01048-CR, 2014 WL 4416011, at *1 (Tex. App.—Houston [14th Dist.] Sept. 9, 2014, orig. proceeding) (mem. op., not designated for publication); *see State v. Sonavongxay*, 407 S.W.3d 252, 258–59 (Tex. Crim. App. 2012) (holding that a notice of appeal invokes the appellate court's jurisdiction "over all parties to the trial court's judgment or order appealed from," that an order must be in writing, and that with no written order from which to appeal, the court of appeals lacked jurisdiction); *State v. Wachtendorf*, 475 S.W.3d 895, 904 (Tex. Crim. App. 2015) ("It is true, of course, that the trial court's oral pronouncements on the record do not constitute appealable orders."). A written order is a prerequisite to invoking this Court's jurisdiction in a habeas proceeding. *See Perez*, 2014 WL 4416011, at *1; *State v. Nassour*, 706 S.W.3d 627, 633 (Tex. App.—Austin 2024, pet. dism'd) (per curiam); *Ex parte Wiley*, 949 S.W.2d 3, 4 (Tex. App.—Fort Worth 1996, no writ). The record in this case does not, however, contain a written order by the trial court ruling on Newson's pretrial application for writ of habeas corpus.

Moreover, a pretrial application for writ of habeas corpus is rendered moot when the offense for which the applicant was being held is dismissed and the applicant is released from confinement on the charge. *See Ex parte Davis*, No. 12-20-00141-CR, 2020 WL 6164465, at *1–2 (Tex. App.—Tyler Oct. 21, 2020, no pet.) (mem. op., not designated for publication); *Ex parte Huerta*, 582 S.W.3d 407, 410–11 (Tex. App.—Amarillo 2018, pet. ref'd). Here, the record shows that the trial court, on the State's motion and after Newson filed his habeas application, dismissed the underlying case against Newson.

Finally, to the extent we could construe Newson's notice of appeal as an attempt to appeal from the underlying criminal case, "[a] criminal defendant is not permitted to appeal a trial court's

2

order dismissing a charge against him." *Kozitzki v. State*, No. 04-23-00511-CR, 2023 WL 3856707, at *1 (Tex. App.—San Antonio June 7, 2023, no pet.) (mem. op., not designated for publication) (per curiam) (citing *Bohannon v. State*, 352 S.W.3d 47, 48 (Tex. App.—Fort Worth 2011, pet. ref'd); *Petty v. State*, 800 S.W.2d 582, 583–84 (Tex. App.—Tyler 1990, no pet.) (per curiam)).

Because no written order appears in the record and because the trial court dismissed the underlying criminal case against Newson, we issued an order on March 6, 2026, requiring Newson to show cause in writing by March 26, 2026, why this appeal should not be dismissed for want of jurisdiction. Newson has not filed a response showing that this Court has jurisdiction over this appeal.

Accordingly, we dismiss the appeal for want of jurisdiction. We dismiss any pending motions as moot.


GINA M. PALAFOX, Justice

April 24, 2026

Before Palafox and Soto, JJ., Benavides, J. (Senior Judge)
Benavides, J. (Senior Judge), sitting by assignment

(Do Not Publish)