

## Fourth Court of Appeals
### San Antonio, Texas

**MEMORANDUM OPINION**

No. 04-26-00166-CR

Jose Antonio **QUINTANILLA**,
Appellant

v.

The **STATE** of Texas,
Appellee

From the 437th Judicial District Court, Bexar County, Texas
Trial Court No. 2024-PF-05822
Honorable Joel Perez, Judge Presiding

PER CURIAM

Sitting:    Lori Massey Brissette, Justice
            Adrian A. Spears II, Justice
            H. Todd McCray, Justice

Delivered and Filed: May 13, 2026

DISMISSED FOR WANT OF JURISDICTION

On March 2, 2026, appellant filed a notice of appeal, providing he wished to appeal his judgment and sentence rendered on January 29, 2026. The clerk's record has also been filed in this appeal. It shows appellant's indictment in cause no. 2024PF05822—the cause number appealed in this appeal (04-26-00166-CR)—was dismissed on February 5, 2025.

As a general rule, a criminal defendant's right of appeal is limited to an appeal from a final judgment of conviction. *See* TEX. CODE CRIM. PROC. art. 44.02; *State v. Sellers*, 790 S.W.2d 316, 321

n.4 (Tex. Crim. App. 1990) ("A defendant's general right to appeal under [article 44.02] and its predecessors has always been limited to appeal from a 'final judgment,' though the statute does not contain this limitation on its face."); *cf.* TEX. CODE CRIM. PROC arts. 44.01(a)(1) (providing state may appeal dismissal of indictment). An order dismissing an indictment is not an order from which an appellant may appeal. *See Petty v. State*, 800 S.W.2d 582, 584 (Tex. App.—Tyler 1990, no writ); *see also Sinclair v. State*, No. 01-18-00479-CR, 2018 WL 4132258, at *1 (Tex. App.—Houston [1st Dist.] Aug. 30, 2018, no pet.) (mem. op., not designated for publication); *Bohannan v. State*, 352 S.W.3d 47, 48 (Tex. App.—Fort Worth 2011, pet. ref'd) ("Although the State is expressly permitted by statute to appeal an order dismissing an indictment, this right of appeal has not been extended to the defendant by statute or rule."). Accordingly, because this case was dismissed, we have no jurisdiction to consider this appeal.

We, therefore ordered appellant to show cause no later than April 22, 2026 why this appeal should not be dismissed for lack of jurisdiction. We admonished appellant if a supplemental clerk's record was required to show appellant has the right to appeal, appellant was required to request a supplemental record from the trial court clerk and file a copy of the request with this court. We further admonished appellant if he failed to satisfactorily respond to our order within the time provided, the appeal would be dismissed. Appellant did not respond to our order.

Accordingly, we dismiss this appeal for lack of jurisdiction.

PER CURIAM

DO NOT PUBLISH